TILLER ET AL., APPELLANTS, *v.* HINTON, APPELLEE.

[Cite as Tiller *v.* Hinton (1985), 19 Ohio St. 3d 66.]

(No. 84-1702—Decided August 9, 1985.)

*Charles T. Robinson,* for appellants.
*Raymond L. Dillon,* for appellee.

WRIGHT, J. The present case involves essentially a single issue: Whether there exists an easement, either express or implied of necessity, so as to provide a way of ingress and egress for appellants across the adjacent property purchased by the appellee. We hold that an easement does not exist and, accordingly, affirm the judgment of the court of appeals.

It has long been the law in this state that "* * * all interests in land shall be transferred by written instrument, * * * and that such instruments shall be fraudulent as against a bona fide purchaser without notice unless recorded pursuant to Section 5301.25, Revised Code (substantially unchanged since 1831, 29 Ohio Laws 346, 348)." *Renner* v. *Johnson* (1965), 2 Ohio St. 2d 195, 199 [31 O.O.2d 406]. See, also, *Wilkins* v. *Irvine* (1877), 33 Ohio St. 138, 146; *Railway* v. *Bosworth* (1888), 46 Ohio St. 81; and *Varwig* v. *Cleveland, Cincinnati, Chicago & St. Louis Rd. Co.* (1896), 54 Ohio St. 455.

R.C. 5301.25 provides, in relevant part, that:

"(A)  All deeds, land contracts referred to in division (B)(2) of section 317.08 of the Revised Code, and instruments of writing properly executed for the conveyance or encumbrance of lands, tenements, or hereditaments, other than as provided in section 5301.23 of the Revised Code, shall be recorded in the office of the county recorder of the county in which the premises are situated, and until so recorded or filed for record, they are fraudulent, so far as relates to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of such former deed or land contract or instrument."

Pursuant to this statutory provision, a bona fide purchaser for value is bound by an encumbrance upon land only if he has constructive or actual knowledge of the encumbrance.

It is clear that appellee did not have constructive notice of the easement in the present case. Most significantly, no easement was ever recited on any deed in appellee's chain of title. Because an easement was not noted on any deed in this chain of title, appellee's property was unencumbered from the time it was first transferred by the Hunters. Moreover, the deed conveying the southern parcel, which granted the easement, was not recorded until four years after appellee had purchased the northern property. Because this deed was not timely recorded, there was no record whatsoever of a grant of an easement across appellee's estate in either appellee's or appellants' chain of title. Appellee therefore cannot be charged with constructive notice of the easement.

Likewise, our review of the record leads us to conclude that appellee did not have actual notice that an easement had been granted across his

property. Our conclusion is buttressed by the specific findings of the trial court. That court was in the best position to weigh the evidence and to assess the credibility of witnesses. To ensure the accuracy of its final determination, that court, at the request of the parties, actually viewed the disputed premises. Based upon this evaluation, and the other evidence adduced, the trial court concluded that appellee had no actual notice of an easement across his property. Although we acknowledge that the testimony is somewhat conflicting as to this issue, we believe that the findings of the trial court, as approved by the court of appeals, are adequately supported by the evidence in the record.

Therefore, we follow R.C. 5301.25 and find that an unrecorded easement is not enforceable against a bona fide purchaser for value who has no actual or constructive notice of such easement.

Moreover, we agree with the courts below that appellee is not bound by an easement of necessity. Easements implied of necessity are not favored because, like implied easements generally, they are "in derogation of the rule that written instruments shall speak for themselves." *Ciski* v. *Wentworth* (1930), 122 Ohio St. 487, paragraph one of the syllabus. Thus, to justify the implication of an easement by necessity, strict necessity is required. An easement will not be implied where there is an alternative outlet to a public way, even though it is less convenient or more expensive. *Trattar* v. *Rausch* (1950), 154 Ohio St. 286 [43 O.O.186], paragraph eight of the syllabus.

Furthermore, because easements of necessity are *implied* by law to provide a right of way over land which could have been effectuated by an *express* grant but was not, one may not simultaneously have an easement over another's land both by express grant and an easement implied of necessity. Cf. *Jones Fertilizing Co.* v. *Cleveland, Cincinnati, Chicago & St. Louis Rd. Co.* (C.P. 1894), 2 Ohio Dec. 511, 7 Ohio N.P. 245; 36 Ohio Jurisprudence 3d (1982) 446, Easements and Licenses, Section 47.

Finally, we believe that the following discussion by Chief Justice Taft in *Renner* v. *Johnson, supra,* at 197, though addressing implied easements generally, is nevertheless controlling herein:

"Where an owner of two parcels of land subjects one of them to an easement in favor of the other and where such owner sells the dominant parcel without providing for that easement in his grant and where the enjoyment of such easement is reasonably necessary to the beneficial enjoyment of the parcel granted, it may reasonably be inferred that the parties mutually intended there should have been a grant of such easement. Because of the right of the grantee to require reformation of the deed to set forth the mutual intent of the parties, it is often held that the grant of such an easement will be implied. * * *

"This implied easement is based upon the equitable right to reform the grant. *Hence, such an equitable right should not be enforceable against a bona fide purchaser for value who has no notice of such easement.*

"Since defendants purchased their property in good faith without notice of any right of adjoining property owners to sewer or water lines under their property, plaintiffs here have no such right enforceable against defendants." (Emphasis added.)

In light of the cited precedent, we are convinced that appellee did not purchase the disputed property subject to an easement by necessity. We begin our analysis by reiterating that implied easements of necessity are not favored because they conflict with "the rule that written instruments shall speak for themselves." *Ciski* v. *Wentworth, supra.* The pertinent documents of title herein "speak" strongly against the implication of an easement of necessity. There was never a record of any easement encumbering the servient, northern parcel in appellee's chain of title. Moreover, at the time appellee purchased the property, there was no recorded easement in appellants' chain of title. Based upon these facts, it is clear that appellee had no knowledge of any easement encumbering his property. It is also apparent that no property owner in either chain of title, except appellants, deemed the easement to be of such necessity so as to compel its recordation.

The evidence also indicates that a potential alternative outlet to a public way had existed and may have continued to exist through the Bond-Isch properties. While we decline to rule on the viability of this alternative route, we note that its potential availability may serve to diminish appellants' claim of strict necessity of procuring an easement across appellee's property.

Furthermore, since an easement may not be created by express grant and implied simultaneously, an implied easement of necessity was not created at the time of the original 1964 conveyance between the Hunters and Johnson. Instead, an easement was created by express grant, which became unenforceable against bona fide purchasers for value without notice thereof due to lack of proper recording. Although we do not agree that an easement of necessity was created by the original conveyance, assuming, *arguendo,* that such easement did come into existence, we do not believe that it remains effective against appellee, as bona fide purchaser without notice, pursuant to *Renner* v. *Johnson, supra.* In that case, we recognized the utility of implied easements generally. We essentially held, however, that an implied easement was "not enforceable against a bona fide purchaser for value who has no actual or constructive notice of such easement." *Id.* at paragraph three of the syllabus. Because neither the deed expressly granting the easement nor any alleged implied easement of necessity was timely recorded herein, and because appellee had no actual or constructive notice of any easement, the subject property is not encumbered.

This opinion does not seek to eviscerate the utility of easements of necessity. Nor does this opinion seek to deprive appellants of the use or value of their property. However, stringent requirements must be met

before an encumbrance upon land will be implied, and whenever possible, the applicability of the recording statutes will be upheld. The facts herein indicate that at the time of the purchase, appellants either knew or could have ascertained from the records that the easement was not recorded and that the Hunters, the common root title holders for both tracts, no longer owned the servient estate. Appellants apparently failed to carefully examine the records and acted at their peril in purchasing the property. To now grant them an easement over appellee's property would directly contravene the recording statutes and simply would be unfair to the appellee.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY and LOCHER, JJ., concur.

DOUGLAS, J., concurs in the syllabus and judgment only.

HOLMES, J., concurs in judgment only.

CELEBREZZE, C.J., and C. BROWN, J., dissent.

CELEBREZZE, C.J., dissenting. I agree with the majority's syllabus as an abstract principle of law. However, I find it inapplicable to the situation presented in the instant case. I view Justice Brown's excellent analysis to be the better-reasoned approach and would recognize an exception in this case to allow access to the land at issue.

CLIFFORD F. BROWN, J., dissenting. An exception should be made for cases such as the one at bar where failure to imply an easement of necessity will result in landlocking of real property preventing ingress and egress from the property to a public road. Therefore, I dissent.

A right-of-way should be implied by strict necessity in this cause, since without it appellants' tract is landlocked and they will be deprived of the full and fair use of their property. The majority insists that there is no strict necessity here because there is a "potential alternative outlet to a public way" which precludes the implication of an easement. But the trial court expressly ruled in its findings of fact that "* * * [t]here appears to be no existing legally established right-of-way to Plaintiffs-Appellants' property." The majority minimizes the significance of this fact, which I consider critical to the disposition of this cause.

The lack of any legally enforceable alternate means of access to appellants' tract is crucial because without such an alternate way, the tract becomes *landlocked* and idle unless we recognize an easement by necessity over appellee's land. Thus, the majority's refusal to recognize the ease-

ment of necessity as urged by appellants, effectively condemning their tract to perpetual uselessness, amounts to a forfeiture, abhorred in equity.

The majority's reliance on the reasoning advanced in *Trattar* v. *Rausch* (1950), 154 Ohio St. 286 [43 O.O. 186]; *Ciski* v. *Wentworth* (1930), 122 Ohio St. 487; and *Renner* v. *Johnson* (1965), 2 Ohio St. 2d 195 [31 O.O.2d 406], is misplaced. These cases involve easements that were claimed to be reasonably necessary to the beneficial enjoyment of the dominant estate, while the case at bar involves an easement for access, that is, a means of ingress and egress from the land to a public road which is *strictly* necessary to *any* enjoyment of the land. This distinguishing feature is critical for the public policy reasons explained above. The analysis applicable to the *Renner* and related cases is inapposite to a case such as this one, where the dominant owner has no alternative means of beneficial enjoyment.

This is indicative of the majority's blurring of the distinction between an implied easement and easement by necessity. This difference is critical. The *Trattar* court recognized this distinction in its opinion at 293:

"Plaintiffs having failed, then, to present facts sufficient to warrant the finding of an *implied easement* from an existing use, we come to a consideration of whether the facts disclosed are such as to sustain *a way of necessity.*

"An implied easement or way of necessity is based upon the theory that without it the grantor or grantee, as the case may be, can not make use of his land. It has been stated that 'necessity does not of itself create a right of way, but it is said to furnish evidence of the grantor's intention to convey a right of way and, therefore, raises an implication of grant.' 17 American Jurisprudence, 961, Section 48." (Emphasis added.)

The case at bar does not involve the common type of implied easement involved in *Trattar, Ciski,* or *Renner.* The easements in those cases were not strictly necessary for ingress and egress from land to a public road and consequently for any enjoyment of the dominant tenement. Unlike implied easements generally, this court in *Trattar* further stated at 293 that "[a] way of necessity will not be implied where the claimant has another means of ingress or egress, whether over his own land or over the land of another." *Strict* necessity is required. *Id.* at 293-295.

Because of the possibility that failure to recognize a way by necessity may render the dominant estate without ingress and egress (access) absolutely useless, the analysis used by courts is different from that utilized for other types of easements not involving such absolutely necessary ingress and egress from private property to a roadway or street. The existence of strict necessity is itself viewed as evidence of the intention of the grantor to convey or to reserve a right-of-way. *Id.* at 293.

Thus in *Trattar* the easement claimed by plaintiffs was not necessary for ingress and egress to their property because plaintiffs had another "means of access to their lands from Cahoon [R]oad over the strip of

ground 33 feet wide, * * * and this being so they are not in a position to successfully assert an easement or way of necessity over defendant's property." *Trattar, supra,* at 294. Unlike in *Trattar,* appellants have no ingress or egress from their land to a public road except over appellee's land.

Likewise, *Ciski* v. *Wentworth, supra,* is no basis for the decision today. *Ciski* involved only an implied easement, and not an easement by necessity. The second paragraph of the syllabus in *Ciski* describes the twelve-foot strip easement extending from the rear of a dwelling house to the street and operated as a way of ingress and egress to reach the rear of the house for the purposes of hauling coal, wood and other domestic uses. There is nothing in the opinion that indicates the easement is a necessity. Access to the rear of the building could be obtained by going around the other side of the house, and thus did not constitute an easement of necessity for ingress and egress from private property to a public street or road. The implied easement in *Ciski* arises because of the intention of the parties and not because of necessity. In *Ciski, supra,* at 496-497, the opinion reveals that the trial court correctly determined that an implied easement for ingress and egress to a public thoroughfare in favor of plaintiff existed based upon the intention of the parties, rather than necessity for the easement, in the following language:

"Entertaining the view that the surrounding circumstances attendant upon the parties at the date of the conveyances from the common owner to the predecessors in title of the plaintiffs below were such as to show no other intention than to create an easement by implication under such conveyances, and that the same passed as an appurtenance to the successors in title, we reach the conclusion that the Court of Appeals was right in finding that the plaintiffs below had an easement in the 12-foot strip in question and were entitled to an injunction to protect their enjoyment thereof * * *."

Further, *Renner* v. *Johnson, supra,* is no support for the decision of this court. First, *Renner* does not involve an easement of ingress and egress to a public road from private lands as does the instant case, but concerns a sewer and water line easement from the premises of plaintiffs across defendants' land to public sewer and water lines. Second, as indicated in the first and second paragraphs of the syllabus in *Renner,* the claim of plaintiffs was grounded upon an implied easement, based upon intention of the parties, and not upon an easement of necessity for ingress and egress.

Likewise, for similar reasons, the following ancient cases upon which the majority relies for its erroneous decision are irrelevant, namely: *Wilkins* v. *Irvine* (1877), 33 Ohio St. 138 (unacknowledged written license to imbed water pipes on land of another, invalid); *Railway* v. *Bosworth* (1888), 46 Ohio St. 81 (unrecorded written agreement by grantor of right-of-way to railroad company to fence it on each side through his lands in-

valid as against an innocent purchaser without actual or constructive notice); *Varwig* v. *Cleveland, Cincinnati, Chicago & St. Louis Rd. Co.* (1896), 54 Ohio St. 455 (a claim of railway company of right to lay additional tracks in street based on an unrecorded deed of grantor invalid as to innocent purchaser of land abutting such street). None of these cases even remotely was concerned with implied easements, and much less as to easements of necessity for ingress and egress from private land to a public street or road.

Accordingly, an easement of necessity for ingress and egress for travel from private lands to a public thoroughfare is not subject to the limitation imposed by the majority opinion, namely, the recording statutes, R.C. 5301.25(A), or the provision that a bona fide purchaser for value without actual or constructive notice is not bound by such easement of necessity, or that the defendant (alleged servient landowner) did not intend to grant or otherwise provide an easement to plaintiff.

Whether a subsequent bona fide purchaser of the servient estate had actual or constructive notice of the encumbrance should be irrelevant in cases such as the instant one where the easement is strictly necessary. 36 Ohio Jurisprudence 3d (1982) 481, Easements and Licenses, Section 77.

The erroneous result reached today by this court stems from the confusion created in large measure by mixing together, as interchangeable, terms, concepts and principles concerning easements implied from existing use on severance of title, 36 Ohio Jurisprudence 3d (1982) 429, Easements and Licenses, Sections 32-46; 25 American Jurisprudence 2d (1966) 440, Easements and Licenses, Sections 27-33, with easements of necessity for ingress and egress to public roads, 36 Ohio Jurisprudence 3d (1982) 446, Easements and Licenses, Sections 47-49; 25 American Jurisprudence 2d (1966) 447, Easements and Licenses, Sections 34-38. Cross-breeding such legal apples with legal oranges easily creates the legal mongrel characterizing our decision today. It effectively eliminates in every case the right to an easement of necessity for ingress and egress from private land for purposes of travel when such easement is not recorded or when it affects a buyer who has no actual or constructive notice of such easement. *Jordan* v. *Breece Mfg. Co.* (1914), 89 Ohio St. 311.

The approach I would urge in this case is similar to that taken by a Florida court in *Roy* v. *Euro-Holland Vastgoed, B.V.* (Fla. App. 1981), 404 So. 2d 410. There, the original grantor subdivided his land making no express grant of an easement with regard to a tract which had no means of ingress and egress except over the remainder of the grantor's property. The tract was conveyed five times thereafter, finally to plaintiffs.

The court concluded that plaintiffs were entitled to a common-law easement of necessity.[1] In so holding, the court ruled that "* * * in order

---

[1] Although the *Roy* court speaks in terms of an implied grant of an easement, the fact that the grant in the instant cause was an express grant should make no difference, since it was ineffective to create an easement.

for the owner of a dominant tenement to be entitled to a way of necessity over the servient tenement both properties must at one time have been owned by the same party * * *. In addition, the common source of title must have created the situation causing the dominant tenement to become landlocked. * * * A further requirement is that at the time the common source of title created the problem the servient tenement must have had access to a public road. * * *" *Id.* at 412. All of these elements exist in the instant cause. Proof of present use of the property is not a necessary element. *Id.* at 413.

The reasoning behind this approach is that public policy demands that lands should not be rendered unfit for occupancy or successful cultivation. *Id.* at 412; 25 American Jurisprudence 2d (1966) 447-448, Easements and Licenses, Section 34. The approach of the *Roy* court is recommended as the only reasonable means of furthering that policy.

I am aware that this approach may seem unfair to appellee, who purchased the servient parcel without any notice of an easement. But I am equally aware that the approach taken today works a greater hardship in the long view, by relegating appellants' property to an indefinite state of idleness and inutility.