OPINION
Appellants Larry Nedolast and Joanne Borer ("appellants") appeal the judgment of the Seneca County Court of Common Pleas denying appellants an easement over the land of the Frankarts. For the following reasons, we agree with the judgment of the trial court.
The pertinent facts of the case are as follows. Appellants own a two-acre parcel of land that sits approximately one thousand feet west of State Route 53 in Seneca County, Ohio. Appellees Timothy and Carrie Frankart own the property east of appellants' land and Appellee David Riehm owns the land to the north. Appellants claim that the only access to a public thoroughfare is to the east over the Frankarts' land to State Route 53.
On May 15, 1998, appellants filed a complaint for declaratory judgment. Appellants sought a judicial interpretation of the easement language contained in the Frankarts' deed. On April 21, 1999, this case proceeded to a bench trial. On May 4, 1999, the trial court entered a judgment determining that appellants were not entitled to an easement over the land of the Frankarts'. The trial court further ruled that appellants do have an easement over the land of Mr. Riehm for ingress and egress. The court stated that this easement should not be blocked or impeded in any way and the appellants should have unfettered access. The court also ordered that the cost of maintenance should be borne by the dominant estates, i.e. appellants and the Frankarts.
It is from this judgment that appellants now appeal, asserting two assignments of error.
Assignment Number 1
 The trial court failed to address and resolve all four (4) issues presented by the action for declaratory judgment.
 Appellants asked the trial court to declare the rights and obligations of the parties with regard to the easement reserved in the Frankarts' deed. Specifically, appellants sought a determination of the location, width, use and maintenance of the lane located on the Frankarts' property.
First, we must note that the appropriate standard of review is whether the trial court's judgment is supported by some competent, credible evidence going to all the essential elements of the case. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279. We begin with the presumption that the trial court's findings of fact are correct. Long v. Hurles (1996),113 Ohio App.3d 228. This is because evaluating evidence and assessing credibility are primarily for the trier of fact. Hoitt v.Siefer (1995), 105 Ohio App.3d 104.
Appellants claim that the language contained in the Frankarts' deed created an express easement. The Frankart deed contains the following language concerning easements.
 Subject to an easement over the north part of the above premises for ingress and egress to the land locked premises located to the west of the above-described real estate.
An easement can be created by grant, implication, prescription, or estoppel. Kamenar Railroad Salvage, Inc. v. OhioEdison Co. (1992), 79 Ohio App.3d 685. If a party is contending that an easement is created expressly, it is necessary that a grant be included in the language of a deed, lease, or the like.Id. There are no particular words that are required to create an easement; however, the words that are used in an agreement and the circumstances must be examined to determine whether an agreement creates an easement. Id. at 690, see, also, Hinman v. Barnes
(1946), 146 Ohio St. 497.
In this case, the record reveals that the language in question was included in the deed transferred to the Frankarts simply to put subsequent purchasers on notice that a driveway existed. The title search conducted at the time the Frankarts purchased the property revealed that a stone lane existed, but there was no easement granted in any previous deeds. Mr. Thomas Gordon, appellants' real estate expert, testified that the inclusion of that language was simply for the protection of the Frankarts.[1] He testified "we did not know at that time where the location of the driveway was. We did know that there was a driveway that existed." The inclusion of this language was not intended to create an express easement. Therefore, the trial court was correct in ruling that the appellants did not have an express easement over the property of the Frankarts.
The record in this case further reveals that originally the parties believed the lane in question was located on the Frankarts' property. However, a subsequent survey revealed that the lane was in fact located almost entirely on David Riehm's property. The trial court ruled that appellants did have an easement across the land of David Riehm for ingress and egress.
Appellants claim that the trial court failed to resolve the issues presented. However, the trial court did define the rights and obligations of the parties with respect to the lane. The Journal Entry of Judgment stated that appellants' access for ingress and egress should not be blocked or impeded in any way and appellants have the right to unfettered access. The trial court allocated the cost of maintenance to the dominant estates, i.e. appellants and the Frankarts.[2] Therefore, we find that the trial court sufficiently addressed the issues presented by appellants.
Accordingly, appellants' first assignment of error is overruled.
Assignment of Error Number 2
 The trial court committed error when it ruled the plaintiff's property was not landlocked.
Appellants contend because their land is landlocked they are entitled to an easement by necessity over the land of the Frankarts. The trial court held that appellants' land was not landlocked. For the following reasons we agree with the trial court.
Easements implied of necessity are not favored because, like implied easements generally, they are "in derogation of the rule that written instruments shall speak for themselves." Tiller v.Hinton (1985), 19 Ohio St.3d 66, quoting Ciski v. Wentworth
(1930), 122 Ohio St. 487. The elements of an easement by necessity are that, upon the severance of land from the estate, a use existed that is continuous, apparent, permanent and necessary.Tratter v. Rausch (1950), 154 Ohio St. 286, 292. The Ohio Supreme Court in Tiller, 19 Ohio St.3d at 69, held that "to justify the implication of an easement by necessity, strict necessity is required. An easement will not be implied where there is an alternative outlet to a public way, even though it is less convenient or more expensive." The party asserting an easement by necessity has the burden of proving that one exists by clear and convincing evidence. Gnomes Knoll Farm, Inc. v. Aurora InnOperating Partnership, L.P. (June 30, 1994), Geauga App. No. 93-G-1780, unreported, citing Tratter, 154 Ohio St. at 295.
In this case, Appellant Nedolast testified there was a stone drive, which he used to get to and from his property. He testified that when he bought the property in 1976 it was his understanding that this was how he was to get to his property and he has done so ever since. The trial court granted appellants an easement to use this drive, which is located on Riehm's property, for purposes of ingress and egress. Appellee Riehm has not objected to this grant, therefore appellants have an alternative outlet to a public way. Appellants have failed to set forth clear and convincing evidence showing that an easement over the Frankarts' land was strictly necessary; hence, the trial court did not err in denying an easement by necessity.
It appears from appellants' briefs and argument at hearing that appellants often have difficulty accessing the drive. The trial court specifically ruled that appellants are to have unfettered access to the drive for the purposes of ingress and egress. If such problems do in fact exist and continue to exist, then the proper remedy would be for appellants to seek injunctive relief. The Supreme Court of Ohio has consistently held that when a right of way, arising out of an easement between adjacent landowners is interfered with, injunctive relief is the proper mode of enforcing the agreement. Goldberger v. Bexley Properties
(1983), 5 Ohio St.3d 82. However, appellants have not sought such relief in this matter.
Accordingly, appellants' second assignment of error is overruled.
Having found no error prejudicial to appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
WALTERS and SHAW, JJ., concur.
[1] Mr. Gordon performed a title examination in 1987 for the bank loaning the Frankarts money to purchase the property. The attorney that drafted the deed and included the language in question is deceased.
[2] The Frankarts were granted a default judgment against Riehm on April 2, 1999. The judgment granted the Frankarts an easement by prescription to use the lane on Riehm's property.