OPINION
Ralph and Brenda Beener appeal from a judgment of the Clark County Court of Common Pleas in which the court concluded that it was no longer required to resolve factual issues that we had ordered it to consider on remand.
The Beeners and two of their neighbors, the Becrafts and the Spahrs, reside on tracts of land that were originally part of the same parcel. A gravel driveway exists within the boundaries of the Beener property which is used by all of the parties for ingress and egress from their properties. The Beeners purchased their property in 1997 and conflicts developed about the use of the driveway shortly thereafter. The Beeners filed a complaint against the Becrafts and the Spahrs in 1998, and the trial court resolved numerous issues between the parties. As a result of the trial court's judgment, the Beeners appealed to this court, and the Becrafts cross-appealed. In Beener v. Spahr (Dec. 15, 2000), Clark App. No. 2000-CA-40, unreported ("Beener I"), we affirmed the trial court's judgment in part, reversed in part, and remanded for the trial court to make certain factual determinations bearing on whether an implied easement had arisen from the Spahrs' existing use of the driveway. On May 9, 2001, the trial court concluded that it was "not necessary" for the court to resolve the issue on which we had remanded the case. It is from this decision that the Beeners now appeal.
A brief review of our earlier opinion and of a subsequent decision and entry in response to the Beeners' application for reconsideration will be helpful to our discussion. In Beener I, we considered whether the Spahrs had established an implied easement arising from an existing use of the driveway and found that they had done so. We noted, however, that an unrecorded implied easement cannot be enforced against a bona fide purchaser who has no actual or constructive pre-purchase notice of the easement. See Tiller v. Hinton (1985), 19 Ohio St.3d 66, syllabus. We found the record to be contradictory as to whether the Beeners had had actual or constructive pre-purchase notice of the Spahrs' use of the driveway. The trial court had not addressed this issue because it had erroneously analyzed the case under the law for easement by prescription. We stated:
 [T]he Spahrs cannot claim an implied easement against the Beeners unless they can show that the Beeners had actual or constructive notice of their use [of the driveway]. Mr. Spahr testified that he has been using this driveway since he moved onto the property in 1986. Nevertheless, Mrs. Beener testified that although she was aware someone lived in the farmhouse behind their property, she has never seen anyone from that house use the driveway since she first viewed the property. Mr. Beener was not questioned as to whether he had ever witnessed use of the driveway by the Spahrs. Because this issue was not addressed or resolved by the trial court, we will remand for the trial court to determine from the testimony whether the Beeners had actual or constructive notice of the Spahrs' use of the driveway. Accordingly, we * * * remand to the trial court to resolve the issue of the Beeners' notice which will establish whether an implied easement exists.
After our opinion was issued, the Beeners filed a application for reconsideration in which they claimed, inter alia, that we should not have considered the issue of implied easement because the Spahrs had not raised that issue. In a Decision and Entry dated February 7, 2001, we pointed out that "we were obligated to address the correct legal theory supporting the Spahrs' easement, as we are not permitted to reverse a judgment simply because it is based on an erroneous theory." (Citations omitted.) We concluded that the application for reconsideration had not called to our attention any obvious error in our decision or raised an issue that we had failed to consider, and we denied the application.
On May 9, 2001, the trial court filed a judgment entry finding that the Spahrs had established an implied easement, stating:
 Based upon the statements of the Court of Appeals in its February 7, 2001 Decision and Entry that "testimony was elicited at trial to establish that the Spahrs had an easement over the Beeners' property for ingress and egress" and that the Court of Appeals "found no obvious error regarding the Spahrs' easement," this Court determines that it is not necessary for it to "resolve the issue of the Beeners' notice which will establish whether an implied easement exists" as stated in the Court of Appeals['] December 15, 2000 Decision and Entry.
The Beeners contend that, in so ruling, the trial court failed to comply with our instructions on remand. We agree.
As we stated in our December 15, 2000 opinion, the fact that the Spahrs had established the elements of an implied easement was not dispositive unless they could also establish that the Beeners, bona fide purchasers who had owned the property for only a short time, had had actual or constructive pre-purchase notice of the Spahrs' use of the driveway. Conflicting testimony was presented on this issue, and it was undisputed that the Spahrs could also access their property from another driveway. Our statement in ruling on the application for reconsideration that "[t]estimony was elicited at trial to establish that the Spahrs' had an easement over the Beeners' property for ingress and egress" merely restated a conclusion from our opinion but did not touch upon the question of whether this easement could be enforced against a bona fide purchaser. Thus, this statement did not relieve the trial court of its duty to make additional factual findings on remand related to the Beeners' pre-purchase notice of the Spahrs' use of the driveway. Obviously, if the pertinent information had been contained in the record that was before this court, we would have entered judgment accordingly. It was not. Rather, an additional factual finding was required. Furthermore, our comment in response to the application for reconsideration that there was "no obvious error regarding the Spahrs' easement" referred to the fact that the Beeners' application pointed to no obvious error in our December 15, 2000 opinion warranting reconsideration of that opinion insofar as we found that the elements of an implied easement had been satisfied. Read in context, it is clear that this court did not take the additional step of concluding that the Beeners had had pre-purchase notice of the Spahrs' use of the driveway. This is the issue that the trial court must still determine.
In their brief, the Spahrs argue for the first time that actual notice of their use of the Beeners' driveway is conclusively established by the record in that the Beeners' complaint alleges that the Spahrs had trespassed on their land by depositing gravel and destroying topsoil, trees, and seedlings. We decline to adopt this position. The complaint does not mention the driveway and is unspecific as to where on the Beeners' property the alleged trespass occurred. Moreover, the alleged deposit of gravel and destruction of topography do not represent the common use of a driveway for ingress and egress contemplated in our opinion and about which the trial court must make factual findings.
The Beeners' assignment of error is sustained.
The judgment of the trial court will be reversed.
BROGAN, J. and FAIN, J., concur.