OPINION
{¶ 1} Appellant Tiffany Strouble Collins appeals a judgment of the Richland County Court of Common Pleas, dismissing her claim for fraudulent conveyance against appellees Troy and Jackie Thompson:
 {¶ 2} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR PREJUDICIAL TO THE RIGHTS OF THE PLAINTIFF-APPELLANT IN GRANTING DEFENDANTS-APPELLEES MOTION FOR SUMMARY JUDGMENT.
 {¶ 3} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR PREJUDICIAL TO THE RIGHTS OF THE PLAINTIFF-APPELLANT BY DENYING PLAINTIFF-APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
 {¶ 4} "III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR PREJUDICIAL TO THE RIGHTS OF THE PLAINTIFF-APPELLANT BY DENYING PLAINTIFF APPELLANT MOTION TO DISQUALIFY DEFENSE COUNSEL.
 {¶ 5} "IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR PREJUDICIAL TO THE RIGHTS OF THE PLAINTIFF-APPELLANT BY NOT HEARING AND GRANTING PLAINTIFF-APPELLANT MOTION FOR DEFAULT JUDGMENT."
 {¶ 6} On October 14, 1997, appellant filed a complaint on behalf of her minor daughter against the defendant, Larry Carpenter. In her complaint, she alleged that Carpenter had sexually assaulted, molested, and raped her minor daughter, who is a learning-disabled child with significant cognitive deficits. Appellant's first claim for relief was for assault and battery, and her second claim for relief was for intentional infliction of emotional distress.
 {¶ 7} Appellant filed a motion for pre-judgment attachment, which was granted. The court ordered that Carpenter not sell his real estate in Knox County. The judgment of attachment specified a specific piece of property in Knox County which was owned by Carpenter, and which was subject to the attachment. The attachment was filed with the Knox County Recorder on December 3, 1997, and recorded in Volume 8, Page 440 of the Miscellaneous Docket.
 {¶ 8} On March 23, 1999, Carpenter sold the real estate that was subject to the pre-judgment attachment to appellees. On May 10, appellant filed an amended complaint, adding appellees as defendants, and adding a cause of action for fraudulent transfer of property. The complaint was filed in the Knox County Clerk's office, as well as in Richland County.
 {¶ 9} On September 27, 1999, the Richland County Common Pleas Court granted appellees' motion to dismiss. Appellant appealed to this court, and we reversed and remanded on June 8, 2000.
 {¶ 10} On remand, the trial court bifurcated the case, setting the cause of action against Carpenter for trial, and staying the cause of action against appellees. After the jury was seated on the underlying complaint against Carpenter, appellant and Carpenter settled the matter.
 {¶ 11} The fraudulent conveyance action remained before the trial court after the settlement with Carpenter. On January 18, 2001, the court granted appellees' motion for summary judgment. That judgment was appealed, and we again reversed and remanded the matter back to the trial court. On remand, both parties filed cross-motions for summary judgment. Both parties also filed motions to disqualify opposing counsel. The court overruled both motions to disqualify counsel, denied appellant's motion for summary judgment, and granted appellees' motion for summary judgment.
 I {¶ 12} Appellant argues that the court erred in granting appellees' motion for summary judgment. Appellant argues that appellees were not bona fide purchasers for value, as the order of attachment was filed in the Knox County Recorder's office, thereby giving them constructive notice of the encumbrance. While the court made no findings in its judgment entry sustaining appellees' motion for summary judgment, appellees argued that they did not find the encumbrance when performing a title search, as it was filed in the wrong place. They argue that pursuant to Civ.R. 3 (F), the judgment was required to be filed with the Knox County Clerk's office to provide notice.
 {¶ 13} Summary judgment is appropriate if there is no dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Civ.R. 56 (C).
 {¶ 14} Civ.R. 3 (F) provides:
 {¶ 15} "(1) When an action affecting the title to or possession of real property or tangible personal property is commenced in a county other than the county in which all of the real property or tangible personal property is situated, the plaintiff shall cause a certified copy of the complaint to be filed with the clerk of the court of common pleas in each county or additional county in which the real property or tangible personal property affected by the action is situated. If the plaintiff fails to file a certified copy of the complaint, third persons will not be charged with notice of the pendency of the action."
 {¶ 16} As a matter of law, Civ.R. 3 (F) does not apply to the pre-judgment attachment filed in the instant case. Civ.R. 3 (F) applies when an action is filed that affects the title to property. The case originated as a claim against Carpenter for assault and battery, and intentional infliction of emotional distress. The complaint itself did not affect the title or possession of real property, and a certified copy of the complaint therefore need not be filed with the Knox County Clerk of Courts. When the cause of action for fraudulent conveyance was commenced, an action which did affect title or possession of real property, this complaint was filed with the Clerk of Courts in Knox County.
 {¶ 17} R.C. 5301.25 applies to the recording of the attachment instrument in the instant case:
 {¶ 18} "(A) All deeds, land contracts referred to in division (B)(2) of section 317.08 of the Revised Code, and instruments of writing properly executed for the conveyance or encumbrance of lands, tenements, or hereditaments, other than as provided in division (C) of this section and section 5301.23 of the Revised Code, shall be recorded in the office of the county recorder of the county in which the premises are situated, and until so recorded or filed for record, they are fraudulent, so far as relates to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of such former deed or land contract or instrument."
 {¶ 19} Pursuant to this statute, the pre-judgment attachment was filed in the proper place when it was filed with the Knox County Recorder's office. Pursuant to R.C. 5301.25, a bona fide purchaser for value is bound by an encumbrance upon land only if he has constructive or actual notice of the encumbrance. Tiller v. Hinton (1985),19 Ohio St.3d 66, 68. The proper recording of an instrument referenced in R C. 5301.25 (A) serves as constructive notice of that interest or encumbrance to all who claim through or under the grantor by whom such deed was executed, as a subsequent purchaser is deemed to have notice of the recording whether he has reviewed it or not. E.g., Morris v.Daniels (1880), 35 Ohio St. 406, 416.
 {¶ 20} As appellees are deemed to have constructive notice of the pre-judgment attachment, which was filed in the Knox County Recorder's office prior to the sale and specifically referenced the parcel of property which Carpenter sold to them, the court erred in granting summary judgment in favor of appellees.
 {¶ 21} The first assignment of error is sustained.
 II {¶ 22} Appellant next argues the court erred in overruling her motion for summary judgment. We agree.
 {¶ 23} As discussed in I above, the prejudgment attachment in the instant case was properly recorded in the Knox County Recorder's office prior to the transfer of the subject property to appellees. There is no dispute as to the facts concerning the filing of the attachment with the Recorder's office. The failure of appellees to discover the encumbrance does not render them bona fide purchasers for value, as pursuant to the statute and cases cited earlier, they were placed on constructive notice by its filing prior to the purchase. As there is no dispute of material fact and appellant was entitled to judgment as a matter of law, the court erred in overruling her motion for summary judgment.
 {¶ 24} The second assignment of error is sustained.
 III {¶ 25} In her third assignment of error, appellant argues that the court erred in overruling her motion to disqualify counsel for appellees. Appellant argues that counsel for appellees has a conflict of interest in the instant case, as he was the title examiner who failed to discover the pre-judgment attachment on the subject property.
 {¶ 26} In reviewing a judgment on a motion to disqualify counsel, an appellate court will reverse only when the trial court abused its discretion. Kitts v. U.S. HealthCorp. of S. Ohio (1994),97 Ohio App.3d 271, 275.
 {¶ 27} In the instant case, the court held a hearing on the motion to disqualify. During the hearing, appellees waived any possible conflicts which might exist between them and their attorney. Pursuant to this waiver, the court did not abuse its discretion in overruling the motion to disqualify counsel.
 {¶ 28} The third assignment of error is overruled.
 IV {¶ 29} Appellant argues that the court erred in failing to grant a hearing on her motion for default judgment. This assignment of error is rendered moot by our dispositions of Assignments of Error I and II, and is overruled.
 {¶ 30} The summary judgment of the Richland County Court of Common Pleas is reversed. This case is remanded to the Richland County Common Pleas Court for further proceedings in accordance with law and consistent with this opinion.
By Gwin, P.J., Wise, J., and Boggins, J., concur.
 JUDGMENT ENTRY {¶ 31} For the reasons stated in the Memorandum-Opinion on file, the summary judgment of the Richland County Court of Common Pleas is reversed. This case is remanded to the Richland County Common Pleas Court for further proceedings in accordance with law and consistent with this opinion. Costs to appellees.