OPINION
{¶ 1} Appellant, L M of Stark County, Ltd., owns certain property on West State Street in Alliance, Ohio. Appellee, Rick Snowden, owns property adjacent to appellant's property. The properties were originally part of one parcel owned by Howard and Ona Faye Meyers. Pursuant to a reservation of right in a warranty deed filed November 25, 1969, appellee has the right of ingress and egress over the surface of appellant's property.
 {¶ 2} In May of 2002, appellee hired John Hagan dba Hagan Heating and Plumbing to install a new water line across appellant's property connecting to his property. Mr. Hagan entered appellant's property and proceeded to tear up the asphalt in order to install the new water line. Appellant ordered appellee and Mr. Hagan to cease and desist and restore the property to its former condition as the easement did not include the water line. Mr. Hagan continued working on appellant's property.
 {¶ 3} On June 2, 2003, appellant filed a complaint against appellee and Mr. Hagan alleging trespass and intentional destruction of property. Appellant sought an injunction and damages. A bench trial commenced on September 9, 2004. By judgment entry filed June 8, 2005, the trial court denied appellant's request for an injunction, finding an easement by necessity was created in favor of appellee. The trial court did award appellant $2,000.00 as against appellee for damage to appellant's property caused by the work on the water line.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT'S FINDING THAT APPELLEE SNOWDEN HAD ACQUIRED AN EASEMENT BY NECESSITY WAS BASED UPON INSUFFICIENT PROOF AND THEREFORE THE TRIAL COURT'S FINDING THAT APPELLEE DID NOT TRESPASS IS ERRONEOUS AS A MATTER OF LAW."
 II {¶ 6} "THE TRIAL COURT'S DENIAL OF APPELLEE'S PRAYER FOR INJUNCTIVE RELIEF AND DENIAL OF APPELLANT'S CLAIM OF CONTINUING TRESPASS ARE CONTRARY TO LAW AS APPELLANT IS A SUBSEQUENT PURCHASER WITHOUT KNOWLEDGE OF THE EASEMENT."
 III {¶ 7} "THE TRIAL COURT'S AWARD OF DAMAGES IN THE AMOUNT OF $2,000 IS INSUFFICIENT AS A MATTER OF LAW AS THERE IS NO SUBSTANTIAL, CREDIBLE EVIDENCE TO SUPPORT THE COURT'S FINDING."
 I {¶ 8} Appellant claims the trial court erred in finding there existed an easement by necessity. We disagree.
 {¶ 9} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 10} In order to establish an easement by necessity, the following elements must be shown:
 {¶ 11} "(1) A severance of the unity of ownership in an estate; (2) that, before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; (3) that the easement shall be reasonably necessary to the beneficial enjoyment of the land granted or retained; (4) that the servitude shall be continuous as distinguished from a temporary or occasional use only." Ciski v. Wentworth (1930),122 Ohio St. 487, paragraph one of the syllabus.
 {¶ 12} As stated by the Supreme Court of Ohio in Tiller v.Hinton (1985), 19 Ohio St.3d 66, 69, "to justify the implication of an easement by necessity, strict necessity is required."
 {¶ 13} Although not specifically disputing the facts found by the trial court, appellant argues there was no evidence of strict necessity. Appellant points out the trial court found two water wells available on appellee's property, but there was no evidence of their potability. We disagree with this premise espoused by appellant.
 {¶ 14} Marian Buckmaster, appellee's mother and a former property owner adjacent to appellee's property and served by the water line, testified originally, the entire parcel and its many buildings for a mill were required to hook-up to city sewer and water, but the houses were not required to do so. Vol. II T. at 153-155. The house in the serviced premises, appellee's house, was moved to the property some forty years ago from a "property about three or four houses up." Id. at 158, 168. At that time, a house that is now torn down where the Courtesy Kia dealership now sits had established a water line in 1961. Id. at 170, 208, 219. The water hook-up to appellee's house occurred some forty years ago. Id. at 172, 231. The wells on the property were used prior to these hook-ups for water for the livestock on the property, but never for domestic household use. Water from these wells stopped forty years ago. Id. at 171-173.
 {¶ 15} Michael Dreger, the city water superintendent, testified he would never give permission for well usage in the city if a city hook-up exists. Id. at 189. A property would be prohibited "from having both sources of water." Id. Mr. Dreger testified he ordered twice that the water line be fixed or water service would be terminated.[1] Id. at 176-177, 187.
 {¶ 16} Given the fact that the wells on the property were never used for human consumption and had not been used for livestock for approximately forty years, we agree with the trial court's decision that a "necessity" existed and an easement of necessity was found to exist.
 {¶ 17} Upon review, we find sufficient credible evidence of a necessity. The trial court was correct in finding an easement of necessity.
 {¶ 18} Assignment of Error I is denied.
 II {¶ 19} Appellant claims the trial court erred in denying injunctive relief and not finding appellee guilty of trespass. We disagree.
 {¶ 20} "A trespasser is one who unauthorizedly goes upon the private premises of another without invitation or inducement, express or implied, but purely for his own purposes or convenience; and where no mutuality of interest exists between him or the owner or occupant." Allstate Fire Ins. Co. v.Singler (1968), 14 Ohio St.2d 27, 29.
 {¶ 21} R.C. 5301.25 governs recording of instruments for conveyance or encumbrance of lands. Subsection (A) states the following:
 {¶ 22} "All deeds, land contracts referred to in division (A)(2)(b) of section 317.08 of the Revised Code, and instruments of writing properly executed for the conveyance or encumbrance of lands, tenements, or hereditaments, other than as provided in division (C) of this section and section 5301.23 of the Revised Code, shall be recorded in the office of the county recorder of the county in which the premises are situated. Until so recorded or filed for record, they are fraudulent insofar as they relate to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of that former deed, land contract, or instrument."
 {¶ 23} Appellant argues the failure of evidence of any recording of the water line defeated the invoking of an implied easement against a subsequent bona fide purchaser. However, a specific easement was not established because when the water line was put in, the parcel was united in ownership and one is not required to record an easement to oneself.
 {¶ 24} Under the facts of this case, we conclude R.C.5301.25(A) does not impact on the decision of this case. The water line was under the specific easement given to appellee for ingress and egress. Vol. III T. at 13-14. This easement provided for the right to traverse the property and repair the roadway. Appellee informed Mr. Hagan of this right and Mr. Hagan proceeded accordingly. Vol. II T. at 234-235.
 {¶ 25} It is also of note that there was a gas line in the same area as the water line. Vol. III T. at 95-96. Mr. Hagan, Jr. testified while doing the cut for the water line, a gas line was damaged. Id. at 99. Appellant's property was encumbered with a gas easement. It is therefore apparent that neither appellee nor Mr. Hagan blatantly trespassed without some right, albeit wrongly assumed.
 {¶ 26} Assignment of Error II is denied.
 III {¶ 27} Appellant claims the trial court's decision on damages is not supported by the evidence. We agree.
 {¶ 28} In its judgment entry of June 9, 2005 at Conclusion of Law No. 9, the trial court found the following:
 {¶ 29} "The Court concludes as a matter of law that Snowden did intentionally damage the LM property in his failure to repair the damages caused by his repair of the waterline. Judgment is awarded in favor of Plaintiff against the defendant, Rick Snowden, in the amount of $2,000.00, plus interest at the statutory rate from May 6, 2003, along with court costs."
 {¶ 30} It is of some note that in awarding damages, the trial court was in fact enforcing the provision of the ingress/egress easement that made appellee responsible for the repair of the water line. The water line cut was in the same area of the ingress/egress easement. Therefore, we find such an award of damages to be inconsistent. Mr. Hagan and his son both testified they would have repaired the area if appellant had not barred him. Vol. III T. at 70-74, 103. There is proof damage to the property increased over the passage of the year.
 {¶ 31} The only testimony of damages came from appellant's owner, Marilyn Schoop. Ms. Schoop testified the property was diminished in value by $10,000. Vol. II T. at 66. She presented estimates for repairs of $470 for landscaping and $4,719 for repaving. Id. at 102, 120. We are unable to determine from the record the basis of the trial court's award of $2,000. Therefore, this assignment of error is remanded to the trial court for findings and reasons for awarding the $2,000.
 {¶ 32} Assignment of Error III is granted.
 {¶ 33} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part, reversed in part and remanded.
Farmer, P.J., Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion.
[1] The water line was damaged and leaking water onto the Courtesy Kia Dealership property.