[Cite as *Minor v. Eldridge*, 2014-Ohio-3120.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DONALD A. MINOR

      Plaintiff-Appellee

-vs-

SANDRA A. ELDRIDGE

      Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 13-CA-00010

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Perry County Court of Common Pleas, Case No. 11-CV-00260 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 14, 2014 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| GERALD J. TIBERIO, JR.<br>Kincaid, Taylor & Geyer<br>50 North Fourth Street<br>PO Box 1030<br>Zanesville, Ohio 43702 | BRIAN W. BENBOW<br>Benbow Law Offices<br>605 Market Street<br>Zanesville, Ohio 43701 |

*Hoffman, P.J.*

{¶1} Defendant-appellant Sandra A. Eldridge appeals the July 31, 2013 Judgment Entry entered by the Perry County Court of Common Pleas in favor of Plaintiff-appellee Donald A. Minor.

STATEMENT OF THE FACTS AND CASE

{¶2} The parties each bought separate five acre lots in 1990. They also purchased an additional five acre lot together. The jointly owned five acre lot was located between their individual lots.

{¶3} Appellee installed a driveway on his property, which reached to the lot owned in common. He also installed a septic system and a well on the five acre lot the parties owned together.

{¶4} Appellant placed a trailer on the lot owned in common, and she paid to have her trailer hooked up to the well. Appellant contributed to the well permit and to half of the well.

{¶5} In 1994, Appellant's daughter moved another trailer onto the lot in common. The payments on the trailer fell into arrears and Appellant asked Appellee to move into the trailer and take over the payments. Appellee paid the taxes, insurance and paid the mortgage debt on the trailer in full. Appellant did not charge Appellee rent, but testified the agreement was for Appellee to take over payments and the trailer would be his. Appellee left the mobile home in the summer of 2010, and Appellant gave the mobile home to her son.

{¶6} In July of 1997, Appellant purchased a double-wide manufactured home. The financing for the purchase required a lot split of the real property owned in

common. Appellant retained 2.501 acres of the lot and Appellee retained 2.54 acres. Appellant's real property contains approximately 135.63 feet of public road frontage along Perry County Road 54. Appellee did not grant an access easement over his property to Appellant along the existing driveway. Rather, at the time of the closing, Appellee specifically refused to grant Appellant an access easement in writing. Appellant proceeded in closing on the real estate transaction without the written easement. The septic was located on Appellant's property, and the well on Appellee's property.

{¶7} In 1995, Appellee constructed a shed on the property the parties owned in common. A corner of the shed remained on Appellant's property from 1997 to 2012 when Appellee moved. When Appellant asked Appellee to move the shed, he did.

{¶8} In 2002, Appellee commenced construction of a cedar log cabin on his parcel. In 2003, Appellee suffered a stroke.

{¶9} Appellant and her invitees increased traffic on the driveway due to invitees and additional guests. As a result, on July 15, 2011, Appellee filed a complaint in the Perry County Court of Common Pleas seeking a permanent injunction. On August 18, 2011, Appellant filed an answer and counterclaim, claiming prescriptive easement, breach of contract and trespass.

{¶10} On July 31, 2013, the trial court granted Appellee's request for permanent injunction and ordered Appellant be restrained from entering and using the driveway. The trial court granted Appellee exclusive use and possession of the driveway. The order further restrained Appellant from using Appellee's water well, and granted Appellee exclusive use and possession of the water well.

{¶11} Appellant appeals from the July 31, 2013 Judgment Entry assigning as error:

{¶12} "I. THE TRIAL COURT'S OCTOBER 11, 2013 JUDGMENT ENTRY IS AGAINST THE WEIGHT OF THE EVIDENCE AND THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING THE PERMANENT INJUNCTION AND BY NOT RECOGNIZING AN IMPLIED EASEMENT.

{¶13} "THE TRIAL COURT'S OCTOBER 11, 2013 JUDGMENT ENTRY IS AGAINST THE WEIGHT OF THE EVIDENCE AND THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY APPLYING THE WRONG LEGAL STANDARD OF 'STRICT NECESSITY' TO AN IMPLIED EASEMENT BY PRIOR USE WHEN THE PROPER LEGAL STANDARD WAS ONE OF 'REASONABLE NECESSITY TO THE BENEFICIAL USE OF ONE'S LAND.'

{¶14} "THE TRIAL COURT'S OCTOBER 11, 2013 JUDGMENT ENTRY IS AGAINST THE WEIGHT OF THE EVIDENCE AND THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT FINDING AN EASEMENT BY NECESSITY EXISTED. ANY FINDING THAT THERE IS NOT 'REASONABLE NECESSITY' TO THE DRIVEWAY EASEMENT IS AGAINST THE TOTAL WEIGHT OF THE EVIDENCE AND IS WITHOUT ANY LOGIC.

{¶15} "THE TRIAL COURT'S OCTOBER 11, 2013 JUDGMENT ENTRY IS AGAINST THE WEIGHT OF THE EVIDENCE AND THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT FINDING [SIC] THAT APPELLEE IS ESTOPPED FROM DENYING THE EXISTENCE OF AN EASEMENT.

{¶16} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT AWARDING MONEY DAMAGES TO APPELLANT ON HER COUNTERCLAIM."

I.

{¶17} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 614 N.E.2d 742, 1993-Ohio-9.

{¶18} This Court addressed the issue presented herein in *L&M of Stark County, LTD v. Snowden*, 2006 Ohio 1497, holding:

{¶19} "In order to establish an easement by necessity, the following elements must be shown:

{¶20} " '(1) A severance of the unity of ownership in an estate; (2) that, before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; (3) that the easement shall be reasonably necessary to the beneficial enjoyment of the land granted or retained; (4) that the servitude shall be continuous as distinguished from a temporary or occasional use only.' *Ciski v. Wentworth* (1930), 122 Ohio St. 487, 172 N.E. 276, paragraph one of the syllabus.

{¶21} "As stated by the Supreme Court of Ohio in *Tiller v. Hinton* (1985), 19 Ohio St.3d 66, 69, 482 N.E.2d 946, 'to justify the implication of an easement by necessity, strict necessity is required.' "

{¶22} Appellant argues her property would be of no value should access to the driveway be prevented, even though there is road frontage to the property, as she would have to expend an unreasonable amount of money to reach said frontage. Appellant asserts the unreasonable expense makes the current easement strictly necessary. Specifically, Appellant argues it would cost approximately $16,000, plus the cost of removing a large amount of trees across a rocky creek bed, to construct an alternate driveway for Appellant's property. Appellant asserts the same is true of the water well which would cost approximately $4,000. Appellant concludes it is economically impossible to construct an alternative driveway; therefore, an easement by necessity arises. We disagree.

{¶23} Both parties agree the use of the driveway was reasonably beneficial to both parcels of real estate. However, the record clearly indicates Appellee did not intend for the driveway to be used permanently by Appellant. Rather, he specifically refused to grant Appellant a written easement for access to the driveway at the closing of the real estate transaction. Additionally, an easement is not reasonably necessary for the fair enjoyment of the property. Appellant has road frontage to her property, and even though expensive, it is possible to construct a driveway. Impracticability does not equate to reasonably necessary.[1]

{¶24} Appellant's first assignment of error is overruled.

---

[1] Appellant repeatedly argues it is undisputed use of the driveway and well would provide a beneficial enjoyment to her. Appellant fails to include the qualifier; i.e., the easement is reasonably necessary for such beneficial use.

II.

**{¶25}** In the second assignment of error, Appellant argues the trial court erred in not awarding money damages on her counterclaim. Specifically, Appellant asserts Appellee paid off the secured debt on the mobile home in August of 2007, but paid no rent thereafter until April 14, 2011, when he abandoned the property. Appellant maintains Appellee owes $8,712 in unpaid rent to Appellant. Appellant further argues Appellee damaged the mobile home, and is liable for the property damage.

**{¶26}** The testimony and evidence demonstrates Appellee paid the mortgage debt of the mobile home in full. He then left the mobile home, and Appellant gave the mobile home to her son. Accordingly, Appellant has not demonstrated standing to assert the counterclaim. Further Appellant failed to demonstrate evidence of a rental agreement, and Appellant testified the agreement was for Appellee to complete the mortgage payments on the mobile home, which he did.

**{¶27}** Finally, Appellant claims Appellee owes damages for trespass. Appellant asserts Appellee owns a storage shed which he placed on her property without permission. As a result, Appellant argues Appellee is liable for the trespass. However, the record demonstrates, upon notice the shed was partially improperly upon Appellant's property, Appellee removed the shed to his own property. According, we do not find the trial court erred in not awarding Appellant money damages for the unintended trespass; nor the time prior to its removal as its presence was apparently with Appellant's implied consent.

**{¶28}** Appellant's second assignment of error is overruled.

{¶29} The July 31, 2013 Judgment Entry entered by the Perry County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur