EMRICK ET AL., APPELLEES, *v.* MULTICON BUILDERS, INC. ET AL., APPELLANTS.

[Cite as Emrick *v.* Multicon Builders, Inc. (1991), 57 Ohio St. 3d 107.]

(No. 90-340—Submitted October 24, 1990—Decided January 30, 1991.)

*Fusco & Ison* and *Michael J. Fusco,* for appellees, Thomas Emrick et al.

*Squire, Sanders & Dempsey, David J. Young* and *Gary M. Simon,* for appellants, Multicon Builders, Inc. et al.

*Nick Siculan* and *Mark Sinkhorn,* urging reversal for *amicus curiae,* Ohio Land Title Assn.

MOYER, C.J.

## I

Appellees, the landowners, argue that Multicon's purchase of properties within the restricted area in Franklin County, combined with its knowledge of the existence of the Restriction Contract, clearly and convincingly establishes that Multicon had actual knowledge that the restrictions applied to the land it purchased in Delaware County. For the reasons that follow, we reject this contention.

R.C. 5301.25 governs the recording of transfers and encumbrances of property:

"(A) All deeds, land contracts referred to in division (B)(2) of section 317.08 of the Revised Code, and instruments of writing properly executed for the conveyance or encumbrance of lands, tenements, or hereditaments, other than as provided in section 5301.23 of the Revised Code, shall be recorded in the office of the county recorder of the county in which the premises are situated, and until so

recorded or filed for record, they are fraudulent, so far as relates to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of such former deed or land contract or instrument."

The unrecorded land use restrictions are not enforceable against Multicon unless Multicon had "knowledge" that the restrictions applied to the Delaware County property it purchased; thus, our first inquiry is the appropriate definition of "knowledge." It is stated no more clearly than in the early case of *Varwig* v. *Cleveland, Cincinnati, Chicago & St. Louis RR. Co.* (1896), 54 Ohio St. 455, 468, 44 N.E. 92, 94, where the court said:

"* * * [W]hen it appears that the party was a purchaser for value it is not a defense in support of a claim based on an unrecorded deed to show that he took title under circumstances which ought to have excited apprehension and inquiry in the mind of a prudent and reasonable man. No other view will give effect to the statute. Its words make absence of knowledge of the release at the time of the purchase the test; not absence of that which might induce inquiry. A holding which would substitute constructive notice, in the absence of a record, for actual knowledge, would clearly violate this statute. * * * The burden of showing such actual knowledge, therefore, was on the [party seeking to enforce the unrecorded encumbrance] * * *."

However, when construing the provisions of R.C. 5301.25(A) in a more recent case, *Tiller* v. *Hinton* (1985), 19 Ohio St. 3d 66, 68, 19 OBR 63, 65, 482 N.E. 2d 946, 949, this court inserted constructive notice into the test when it said: "Pursuant to this statutory provision, a bona fide purchaser for value is bound by an encumbrance upon land only if he has constructive or actual knowledge of the encumbrance." In determining whether the purchaser had constructive notice, we held that since the encumbrance was never recited in any deed in the chain of title, the purchaser could not be charged with constructive notice. "Because this deed was not timely recorded, there was no record whatsoever of a grant of an easement across appellee's [*i.e.,* the purchaser's] estate in either appellee's or appellant's chain of title. Appellee therefore cannot be charged with constructive notice of the easement." *Id.* at 68, 19 OBR at 65, 482 N.E. 2d at 949.

Neither side disputes that the Restriction Contract was not recorded in Delaware County when Multicon purchased its property. Consequently, Multicon cannot be charged with constructive notice of the restrictions. When the document containing the restriction is unrecorded, an actual knowledge standard must be applied.

The landowners also must prove that Multicon knew that the restrictive covenants applied to the specific parcels of land purchased in Delaware County. Knowledge that a restriction applies to some lots in a tract does not constitute actual knowledge that those same restrictions apply to other lots within the same tract:

" ' * * * [W]here a recorded deed to a lot forming part of a larger tract contains restrictive covenants, which by the terms of the deed are not only to apply to the lot conveyed, but, as in this case, to other lands of the grantor, a purchaser of one of the lots is not charged with notice of the covenant contained in a prior deed from the common grantor to another lot or parcel of the general tract.' " *Spring Lakes, Ltd.* v. *O.F.M. Co.* (1984), 12 Ohio St. 3d 333, 336, 12 OBR 431, 434, 467 N.E. 2d 537, 540, quoting *Hancock* v. *Gumm* (Ga. 1921), 107 S.E. 872, 877. See, also, *Varwig, supra.*

Finally, the landowners must provide clear and convincing evidence that Multicon had actual knowledge at the time of purchase that the restrictions applied to its land. A previous encounter with the deed restrictions is a consideration, but prior knowledge of their existence is not dispositive. As this court said in *Morris* v. *Daniels* (1880), 35 Ohio St. 406:

"* * * It appears to us, that all the statute requires of the subsequent purchaser is honesty of purpose at the time of making the purchase. It is true, that proof of such knowledge at a date anterior to the purchase tends to prove its existence at the time of purchase. Such is unquestionable [*sic*] the inference, but the strength of the inference is weaker or stronger according to the circumstances. By the lapse of many years, it is weakened or may cease to exist altogether. The circumstances under which the knowledge was acquired, whether or not it would likely make a lasting impression, should also be considered. * * *" *Id.* at 416. See, also, *Varwig, supra.*

Applying the above analyses to the case at bar, we conclude that both the trial court and the appeals court used a constructive notice rather than an actual knowledge test in denying Multicon the protection afforded by the provisions of R.C. 5301.25(A). Therefore, we remand this case to the trial court to apply an actual knowledge test.

An unrecorded land use restriction is not enforceable against a bona fide purchaser for value unless the purchaser has actual knowledge of the restriction. Although actual knowledge in some instances may be inferred, it may not be imputed to the purchaser on the basis of mere familiarity with the land use restriction recorded in another county, or on the basis of awareness of the bare existence of the document containing the restrictions. Multicon's familiarity with the restrictive covenants when purchasing property in Franklin County, where the Restriction Contract was properly recorded, does not support the conclusion that Multicon "knew" the restrictions also applied to land in Delaware County, where the Restriction Contract was not properly recorded. Similarly, Multicon's knowledge of the *existence* of the Restriction Contract is not transformed into actual knowledge that the restrictive covenants applied to the specific parcels of land it purchased. Since all property owners did not sign the Restriction Contract, the only way Multicon could have determined whether the restrictions applied to a specific piece of property would be to correlate the names of those who signed the contract to a plat map of the entire area. Certainly, these propositions show no more than that Multicon could have discovered the applicability of the restrictions to the Delaware County property if it had inquired further.

The landowners point to a waiver of the restrictions Multicon obtained from the association in 1979 as evidence Multicon knew about the restrictions when it purchased the Delaware County property. This waiver, however, was granted for property located in Franklin County. A routine title search in 1978 revealed the existence of the recorded restrictions. Once Multicon discovered the recorded restrictions, it was put on notice that the restrictions applied to the land it then intended to purchase. Additionally, this transaction occurred nearly ten years prior to the time Multicon purchased the Delaware County property. A reading of the Restriction Contract upon discovery of recorded restrictions in one county does not constitute clear and convincing evidence of actual knowledge of an unrecorded restriction in a different county ten years later.

A "should have known" or "could have known" test is not an appropriate consideration under an actual notice standard. *Varwig* and *Tiller, supra.* Accordingly, Multicon had no duty arising from the Franklin County recording to inquire about its property in Delaware County since the Restriction Contract was not recorded there. *Varwig* and *Daniels, supra.* In order to give R.C. 5301.25(A) its intended meaning, Multicon, as a bona fide purchaser for value, must be protected from the landowners' failure to record the Restriction Contract in Delaware County. "No other view will give effect to the statute." *Varwig, supra,* at 468, 44 N.E. at 94.

## II

Multicon also raised the issue of laches in both the trial court and the appeals court. The laches doctrine, as explained in *Connin* v. *Bailey* (1984), 15 Ohio St. 3d 34, 15 OBR 134, 472 N.E. 2d 328, applies when there has been " '* * * an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. It signifies delay independent of limitations in statutes. * * *' " *Id.* at 35, 15 OBR at 135, 472 N.E. 2d at 329, quoting *Smith* v. *Smith* (1957), 107 Ohio App. 440, 443-444, 8 O.O. 2d 424, 426. The test for invoking the doctrine of laches is set forth in paragraph three of the syllabus of *Smith* v. *Smith* (1959), 168 Ohio St. 447, 7 O.O. 2d 276, 156 N.E. 2d 113:

"Delay in asserting a right does not of itself constitute laches, and in order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim."

Approximately eight months elapsed between the time Multicon completed the purchase of its property and the filing of the landowners' suit. Since the landowners sought to enforce the unrecorded land use restriction, their failure to assert that restriction until approximately eight months after Multicon closed on the affected property does not give rise to the defense of laches. Eight months is not an unreasonably long period of time and an eight-month delay in filing suit is not so egregious as to shock the conscience. Additionally, Multicon has failed to demonstrate that it suffered any harm as a result of the landowners' delay. Although a large supermarket had signed a long-term lease with Multicon and negotiations with prospective tenants were under way, the record is devoid of evidence that these business deals were materially prejudiced by the delay. Under the facts before us, the landowners had no duty to act more quickly than they did, and Multicon was apparently not harmed by their failure to do so. Thus, the trial court's ruling on the laches issue is affirmed.

For the reasons enumerated above, we reverse the judgment of the appeals court in part, affirm the judgment in part, and remand the cause to the trial court for proceedings consistent with this opinion.

*Judgment reversed in part
and affirmed in part.*

SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.