While I concur in the analysis of the second assignment of error, I respectfully dissent as to the majority's disposition of the first assignment of error for the following reasons.
For statute of limitations purposes, appellant insists her suspicion or belief as to her ex-husband's property interest did not ripen into actual knowledge until 1998. That was the point in time when a friend overheard a conversation concerning a fraud committed by an individual named "Bruno." Upon examining the property deeds, appellant confirmed that her ex-husband did, in fact, retain an interest in the Tinkers Lane and River Glen Road properties. Therefore, according to appellant, the statute of limitations did not begin to run until the fraud was confirmed on that date.
As the majority correctly points out, it is basic law in Ohio that the statute of limitations on fraud under R.C. 2305.09(D) does not begin to run until the fraud has been actually discovered or should have been discovered. Investors REIT One v. Jacobs (1989), 46 Ohio St.3d 176, paragraph two(b) of the syllabus. Under R.C. 2305.09, a cause of action for fraud must be brought within four years after the fraud is discovered.
Thus, with respect to the first assignment of error, the crucial question is when did appellant discover, or should she have discovered, her ex-husband's fraudulent activity. The answer hinges upon the determination of the date of which appellant discovered or could have discovered that her ex-husband acquired an interest in the Tinkers Lane and River Glen Road properties.
In Burris v. Romaker (1991), 71 Ohio App.3d 772, plaintiff, the mother of a child who died at the age of three, sought recovery under various tort claims on the grounds that her child was allegedly injured by her physician improperly using forceps during the delivery. The following events were pertinent in determining the accrual date for statute of limitations purposes.
On July 23, 1982, the mother gave birth to her daughter. Due to complications during delivery, the child remained in the hospital for nearly two months. On September 30, 1982, approximately two months after the birth, the mother notified an attorney regarding a possible medical malpractice claim. Consequently, the attorney advised the mother that she probably would not have a cause of action. Burris at 773.
On December 8, 1985, the child died. Subsequently, the mother became pregnant again. During a prenatal visit with another physician in December 1987, her physician advised her that he believed the child's complications during and after birth might have been due to an improper forceps delivery. Id. at 774.
Thereafter, on December 5, 1988, the mother filed a complaint against the physician for medical malpractice, fraudulent misrepresentation, negligent infliction of emotional distress, and wrongful death. The trial court determined that plaintiff's claims were barred by the statute of limitations in that the statute of limitations began to run on September 30, 1982. Id. at 773-774.
At the appellate level, the Third Appellate District rejected plaintiff's argument that the accrual date was December 24, 1987, the date she became aware that her daughter's complications might have been caused by an improper forceps delivery. Id. at 775. Instead, the court held that the statute of limitations commenced on September 30, 1982 when plaintiff acted on her suspicion and notified an attorney about a possible cause of action. Id. Basically, the court reasoned that a plaintiff cannot wait until she has obtained information confirming her beliefs or suspicions to initiate an action.
Although this instant matter is not a medical malpractice suit, the underlying theory of Burris is applicable. Appellant admittedly suspected her ex-husband was fraudulently concealing an interest in the Tinkers Lane and River Glen Road properties in late 1992, earlier 1993. However, appellant could not have acted on her suspicion until the property deeds became public record. But, once the deeds were recorded, appellant could have discovered her ex-husband's property interests.
Stated differently, appellant was put on constructive notice when the deeds were recorded on June 22, 1993 and April 19, 1995. "A duly recorded deed is constructive notice * * * of the information contained therein." Donson v. Comey Shepherd, Inc. (Apr. 7, 1993), Hamilton App. No. C-920105, unreported, at 3, 1993 WL 153196. See, also, Emrick v.Multicon Builders, Inc. (1991), 57 Ohio St.3d 107, 109; Tiller v. Hinton
(1985), 19 Ohio St.3d 66, 68; Thames v. Asia's Janitorial Serv., Inc. (1992), 81 Ohio App.3d 579, 587-589; Davis v. Difilippo (Mar. 27, 1996), Wayne App. No. 95CA0046, unreported, at 3, 1996 WL 137406. Such notice is constructive "because [appellant] is deemed to have notice of the record whether she reviewed it or not." (Emphasis added.) Thames at 587.
In light of Burris, I believe that no dispute of material fact remains as to when appellant discovered, should have discovered, or was put on sufficient notice of the fraud. At the latest, the statute of limitations commenced on the date the deeds were duly recorded. Accordingly, appellant cannot wait until she has personally confirmed her suspicions or beliefs to initiate a cause of action.
For these reasons, I would affirm the trial court's decision that appellant's claims were time barred as I agree with the reasoning set forth therein.
 ______________________________________ JUDGE JUDITH A. CHRISTLEY