OPINION
{¶ 1} Michael J. Simone appeals three judgments of the Lake County Court of Common Pleas in this consolidated matter. Since Mr. Simone lacks standing, we affirm the trial court's denial of his motion to intervene and dismiss the appeals.
 {¶ 2} These appeals arise from an action in foreclosure commenced August 24, 2001. PNC Bank, N.A., brought the action against Ms. Linda Sedivy, and other defendants, to recover on a mortgage it held on Ms. Sedivy's condominium, No. 10, 8264 Deepwood Boulevard, Mentor, Ohio. November 28, 2001, PNC moved for default judgment against Ms. Sedivy. Hearing was held January 25, 2002; and, March 19, 2002, the trial court entered a default judgment in favor of PNC.
 {¶ 3} May 2, 2002, PNC Bank and defendant, Deepwood Condominiums Association, Inc., jointly moved the trial court to consolidate the foreclosure, Lake County Case No. 2001 CF 001315, with an action previously filed, Lake County Case No. 2000 CF 000014, which motion was granted May 9, 2002. The trial court issued a new entry granting default judgment in the consolidated case June 24, 2002. Ms. Sedivy did not appeal this judgment.
 {¶ 4} A sheriff's sale of No. 10, 8264 Deepwood Boulevard was scheduled for August 19, 2002. August 16, 2002, Ms. Sedivy filed with the United States Bankruptcy Court for the Northern District of Ohio. September 4, 2002, the trial court stayed the sheriff's sale pending the outcome of the bankruptcy.
 {¶ 5} January 17, 2003, the bankruptcy court dismissed Ms. Sedivy's petition for failure to file schedules and a plan. The trial court reactivated the underlying foreclosure proceedings by a judgment entry dated March 19, 2003, then issued an amended entry April 1, 2003. A sheriff's sale was scheduled for July 21, 2003.
 {¶ 6} Ms. Sedivy filed for bankruptcy. July 21, 2003, the trial court filed a judgment entry withdrawing the subject condominium from the sheriff's sale. July 31, 2003, the trial court stayed proceedings in the foreclosure pending the outcome of the bankruptcy.
 {¶ 7} August 29, 2003, the bankruptcy court dismissed Ms. Sedivy's petition for failure to pay filing fees. The trial court reactivated the foreclosure by a judgment entry dated September 15, 2003. A sheriff's sale was scheduled for November 24, 2003.
 {¶ 8} November 21, 2003, Ms. Sedivy filed for bankruptcy. By a judgment entry filed December 2, 2003, the trial court stayed proceedings pending the outcome of the bankruptcy.
 {¶ 9} January 16, 2004, on the motion of PNC, the bankruptcy court dismissed Ms. Sedivy's petition with prejudice, and issued an injunction barring Ms. Sedivy from filing for bankruptcy for one hundred eighty days. By a judgment entry filed February 5, 2004, the trial court reactivated the foreclosure. A sheriff's sale was scheduled for April 26, 2004.
 {¶ 10} April 23, 2004, Ms. Sedivy quit-claimed her interest in No. 10, 8264 Deepwood Boulevard to Mr. Simone.[1] That same day, Mr. Simone recorded the deed, filed for bankruptcy, and noticed his filing of bankruptcy with the trial court. April 26, 2004, the sheriff's sale went forward, the property being purchased by Mr. Dennis Corbett.
 {¶ 11} April 28, 2004, PNC moved to strike Mr. Simone's notice of bankruptcy filing as immaterial, since he was not a party to the foreclosure action. May 5, 2004, Mr. Simone responded to the motion to strike, and moved to intervene in the foreclosure. By a judgment entry filed May 19, 2004, the trial court, relying on the doctrine of lis pendens, R.C. 2703.26, struck the notice of bankruptcy filing; ordered the Lake County Recorder to strike Mr. Simone's quit-claim deed from the records; and denied Mr. Simone's motion to intervene.
 {¶ 12} June 18, 2004, Mr. Simone, proceeding pro se, timely noticed his first appeal in this matter, being 11th Dist. No. 2004-L-102. July 28, 2004, pursuant to App.R. 9, he filed a series of papers from the trial court in lieu of a narrative statement. We struck these materials August 18, 2004. August 27, 2004, Mr. Simone filed his "opening" brief. September 9, 2004, PNC moved to strike Mr. Simone's brief, and to dismiss this appeal. That same day, PNC filed its answer brief. September 13, 2004, we struck Mr. Simone's "opening" brief, for stylistic errors. He timely filed a corrected brief. This contained a narrative, rather than appropriate assignments of error, but did set forth the following issue:
 {¶ 13} "1. Whether or not the Doctrine of Lis Pendens should void a transfer by Quit-Claim Deed that takes subject to the Plaintiff's claims to title and that does not give rise to the possibility of an interminable case or a judgment without result?"
 {¶ 14} October 18, 2004, PNC again moved to strike Mr. Simone's brief and dismiss the appeal, which motion we denied January 26, 2005.
 {¶ 15} Meanwhile, September 24, 2004, PNC moved the trial court to confirm the sheriff's sale of April 26, 2004. The trial court denied this motion by a judgment entry filed October 7, 2004, citing the appeal in 11th Dist. No. 2004-L-102. In November 2004, PNC moved the trial court to proceed in aid of execution, noting that Mr. Simone had neither procured a stay during the pendency of the appeal in 11th Dist. No. 2004-L-102, nor posted a supersedeas bond. Further, in December 2004, PNC notified the trial court that the bankruptcy court had dismissed Mr. Simone's petition, due to failure to fund his plan. January 31, 2005, Mr. Simone filed his objections, and a demand that the trial court vacate the sheriff's sale of April 26, 2004.
 {¶ 16} February 7, 2005, the trial court filed a judgment entry granting PNC's motion to proceed in aid of execution, due to Mr. Simone's failure to obtain a stay or post bond. That same day, it confirmed the sheriff's sale of April 26, 2004, ordering the sheriff to deliver to Mr. Corbett a deed, and that the proceeds of the sale be distributed. February 15, 2005, Mr. Simone moved the trial court for an emergency stay, pending appeal, which motion was denied by an entry filed February 18, 2005. That same day, Mr. Simone filed his second appeal in this matter, 11th Dist. No. 2005-L-033. In his principal brief, Mr. Simone once again failed to make assignments of error, but did present the following issues:
 {¶ 17} "1. Whether or not the Court should be permitted to change its' Ruling in the Case without notification and time afforded to interested parties so that they could respond to Motions, where previously no response was necessary?
 {¶ 18} "2. Whether or not an order confirming a foreclosure sale is valid when the underlying foreclosure sale violates an Automatic Stay under Title 11 U.S. 362?
 {¶ 19} "3. Whether or not an order confirming a foreclosure sale is valid when the Motioning Party was denied permission from the U.S. Bankruptcy Court, to annul an Automatic Stay under Title 11 U.S.362?"
 {¶ 20} Also on February 18, 2005, Mr. Simone moved this court for a stay of proceedings in the trial court pending appeal, and a temporary stay pending our ruling on the motion to stay. We granted the temporary stay February 24, 2005. March 17, 2005, we ordered that the temporary stay be extended until March 25, 2005, with a stay during the pendency of these appeals to ensue, predicated on Mr. Simone filing a supersedeas bond in the amount of $55,000.
 {¶ 21} March 25, 2005, Mr. Simone moved this court to reconsider the requirement for a supersedeas bond, or to grant him a five-day extension for its procurement. Mr. Simone based his argument for nullifying the bond requirement on the fact that Mr. Corbett, the purchaser at the April 26, 2004 sheriff's sale, had deposited with the sheriff the purchase price for No. 10, 8264 Deepwood Boulevard, and that PNC could satisfy any default from Mr. Corbett's money. PNC opposed the motion.
 {¶ 22} We extended the temporary stay until April 11, 2005, in order to rule on these motions. Following a telephonic hearing April 4, 2005, we filed a judgment entry April 7, 2005, reducing the required supersedeas bond to $25,000, and giving Mr. Simone until April 13, 2005, to post it. April 13, 2005, Mr. Simone moved this court for a two-day extension, until April 15, 2005, to post the bond, which motion we granted April 14, 2005.
 {¶ 23} April 15, 2005, Mr. Simone filed for bankruptcy. He immediately noticed this to the trial court, and moved it for a stay of proceedings. April 19, 2005, he moved that court for another stay, predicated on Civ.R. 62 and R.C. 2505.09, arguing that Mr.Corbett's purchase money from the sheriff's sale could stand in the stead of his own bond. The trial court denied these motions by a judgment entry filed April 25, 2005.
 {¶ 24} April 26, 2005, Mr. Simone moved this court to stay proceedings in the trial court. This motion was denied by a judgment entry filed May 18, 2005. In that same order, we stayed all proceedings in 11th Dist. No. 2004-L-102 pending the outcome of Mr. Simone's most recent bankruptcy. April 28, 2005, Mr. Simone moved the trial court to vacate the judgment confirming the sheriff's sale, and strike the writ of possession and deed issued in favor of Mr. Corbett. April 29, 2005, he filed his brief from 11th Dist. No. 2005-L-033 in 11th Dist. No. 2004-L-102, even though he had previously briefed that appeal.
 {¶ 25} May 27, 2005, in 11th Dist. No 2005-L-033, PNC noticed Mr. Simone's most recent bankruptcy filing to this court, suggesting that the automatic stay was in force. June 2, 2005, Mr. Simone objected, arguing that the automatic bankruptcy stay did not affect his ability to proceed with these appeals, since a successful outcome would benefit the bankruptcy estate. By a judgment entry filed July 11, 2005, we overruled Mr. Simone's objections, and stayed proceedings in 11th Dist. No. 2005-L-033 pending the outcome of his bankruptcy.
 {¶ 26} Meanwhile, May 2, 2005, the trial court denied Mr. Simone's motion to vacate the sheriff's sale of April 26, 2004, and strike the writ of possession and deed issued to Mr. Corbett. Consequently, June 1, 2005, Mr. Simone timely noticed his third appeal from the underlying foreclosure, 11th Dist. No. 2005-L-081, challenging this latest ruling. After desultory motion practice by Mr. Simone in this appeal, August 24, 2005, we stayed all proceedings therein sua sponte, pending the outcome of Mr. Simone's bankruptcy.
 {¶ 27} January 4, 2006, the bankruptcy court lifted the automatic stay in favor of Mr. Corbett, determining that Mr. Simone's minimal interest in No. 10, 8264 Deepwood Boulevard was unnecessary to his reorganization.
 {¶ 28} February 17, 2006, the bankruptcy court lifted the automatic stay in favor of PNC.[2]
 {¶ 29} February 24, 2006, Mr. Simone was discharged from bankruptcy. Consequently, by judgment entries filed March 13, 2006, we dissolved the stays in all of the subject appeals. May 8, 2006, Mr. Simone filed his principal brief in 11th Dist. No. 2005-L-081. As in his other briefs, he substituted a narrative of the alleged errors and misdemeanors of the trial court, the Lake County sheriff, Mr. Corbett, etc., for assignments of error. Nevertheless, he did present the following issues for review:
 {¶ 30} "1. Whether or not an order confirming a foreclosure sale should be vacated when the Motion for Confirmation of Sale does not conform to the local rules of Court?
 {¶ 31} "2. Whether or not an order confirming a foreclosure sale should be vacated when it is revealed that the local rules of Court were violated?
 {¶ 32} "3. Whether or not a Writ of Possession should be stricken when the Precipe (sic) is executed by a would be purchaser who has not complied with the local rules of Court?
 {¶ 33} "4. Whether or not a Deed should be stricken when it is predicated upon an order confirming a sale that did not conform to the local rules of Court?"
 {¶ 34} May 30, 2006, Mr. Simone moved this court to consolidate his three appeals, which motion was granted by a judgment entry filed June 7, 2006.
 {¶ 35} The determination of these appeals hinges on one issue, standing. "It is well-settled that `only parties to a lawsuit, or those that properly become parties' have standing to appeal an adverse judgment. Marino v. Ortiz (1988), 484 U.S. 301, 304 * * *." Sutherland v.ITT Residential Capital Corp. (1997), 122 Ohio App.3d 526, 537. It is undisputed that Mr. Simone was not a party to the underlying foreclosure action, Lake County Case No. 2001 CF 001315. Judgment was entered in that case June 24, 2002. Mr. Simone did not move the trial court to intervene until May 5, 2004, almost two years following entry of judgment in the foreclosure.
 {¶ 36} The trial court denied Mr. Simone's motion to intervene in the same May 19, 2004 judgment entry by which it struck his notice of bankruptcy filing, and his quit-claim deed from Ms. Sedivy. This May 19, 2004 order is the subject matter of the appeal in 11th Dist. No. 2004-L-102. However, neither by notice of appeal nor by any assignment of error, issue presented, or argument in any of his several briefs filed in these consolidated appeals, has Mr. Simone specifically challenged the trial court's denial of his motion to intervene in the underlying foreclosure action.[3]
 {¶ 37} As Mr. Simone generally challenged the trial court's judgment entry of the May 19, 2004, we will review the court's judgment for error as if Mr. Simone had appealed from the denial of his motion to intervene.
 {¶ 38} The denial of a motion to intervene as of right, pursuant to Civ.R. 24(A), is a final appealable order. Blackburn v. Hamoudi (1986),29 Ohio App.3d 350, at paragraph one of the syllabus. Mr. Simone moved to intervene pursuant to Civ.R. 24(A)(2), which provides, in pertinent part:
 {¶ 39} "Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
 {¶ 40} A trial court's determination of whether to allow intervention pursuant to Civ.R. 24(A)(2) is reviewed for abuse of discretion.State ex. rel. First New Shiloh Baptist Church v. Meagher,82 Ohio St.3d 501, 503, fn. 1, 1998-Ohio-192. In the instant case, Mr. Simone certainly claimed an interest in the subject property, the condominium at No. 10, 8264 Deepwood Boulevard. He held by quit-claim deed any interest which Ms. Sedivy had possessed. For that very reason, Mr. Simone's motion to intervene pursuant to Civ.R. 24(A)(2) was properly denied by the trial court. Entitled only to enforce the same interest in the property as Ms. Sedivy, Mr. Simone could not possibly fulfill the last two requirements for intervention under the rule. Disposition of the foreclosure action through the sheriff's sale could not possibly "impair or impede" Mr. Simone's ability to protect that interest, which had been foreclosed upon June 24, 2002. And, that interest was adequately represented by Ms. Sedivy, already a defendant in the case.
 {¶ 41} In sum, Mr. Simone never obtained leave of the trial court to intervene in the underlying case. He never specifically appealed that court's denial of his motion to intervene. Finally, the denial of his motion to intervene was correct. Due to the denial of Mr. Simone's motion to intervene, and the fact that he was never a party to the underlying cases, he is without standing to maintain these appeals. We affirm the judgment of the trial court and dismiss these appeals.
WILLIAM M. O'NEILL, J., CYNTHIA WESTCOTT RICE, J., concur.
[1] Mr. Simone appears to live at this address along with Ms. Sedivy. Their relationship is undisclosed.
[2] PNC Bank, N.A., has evidently merged into Washington Mutual Bank f/k/a Washington Mutual Bank FA. In order to maintain such clarity as we can in these murky proceedings, we continue to refer to this entity as "PNC."
[3] Mr. Simone, however, did generally challenge the rulings in the May 19, 2004 judgment entry which included the denial of the motion to intervene.