[Cite as *Wells Fargo Bank, N.A. v. Coil*, 2021-Ohio-1814.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

WELLS FARGO BANK, N.A.,          :

    Plaintiff-Appellee,          :

                    No. 109861

    v.          :

SANDRA ALLEN COIL,
AKA SANDRA COIL, ET AL.          :

    Defendants-Appellants.          :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 27, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-911036

***Appearances:***

Sam A. Zingale, *for appellants.*

Thompson Hine L.L.P., Scott A. King, and Caitlin R. Thomas, *for appellee.*

LARRY A. JONES, SR., P.J.:

{¶ 1} In this appeal, defendant-appellant Sandra Allen Coil ("Coil") and proposed intervenor Express Private Management, L.L.C. ("Express") appeal from the trial court's June 30, 2020 final judgment and decree of foreclosure that granted

the motion for summary judgment of plaintiff-appellee Wells Fargo National Bank ("Wells Fargo").  For the reasons that follow, we affirm.

## Procedural and Factual History

{¶ 2} In February 2019, Wells Fargo filed this foreclosure action against Coil to foreclose on property located on Craig Drive in Strongsville, Ohio.  Coil did not initially appear and Wells Fargo filed a motion for default judgment.  However, on April 11, 2019, by and through counsel, Coil filed a motion for leave to file an answer.  The trial court granted Coil leave, and on May 7, 2019, she filed an answer.  The court thereafter denied Wells Fargo's motion for default judgment.

{¶ 3} On July 25, 2019, Wells Fargo filed a motion for summary judgment.

{¶ 4} On August 20, 2019, Express, by and through the same counsel who represented Coil, filed the first of two motions to intervene in the action.  In the motion, Express contended that it had entered into a contract with Coil to purchase the subject property.  No proposed pleading was attached to the first motion to intervene, but the purported contract was attached to the motion.

{¶ 5} The purported contract, dated March 16, 2019, provided that the "Buyer," which was defined as "Express or its assignee" agreed to buy the property from Coil.  It set the purchase price as the "bank payoff of currunt [sic] (existing) loan."  Further terms of Express and Coil's purported agreement were that Coil was to vacate the property by the first week of April 2019, and that Express would pay Coil $25,000 (in addition to paying the bank payoff amount).

{¶ 6} Express also attached an affidavit from a representative to this first motion to intervene. The representative averred that "Express stands ready to complete the purchase of the subject real estate." The representative further averred that, "[w]ithin the past two months I have been made aware that the real property Express has contracted to purchase is moving toward a final decree of foreclosure."

{¶ 7} On October 1, 2019, a magistrate issued a decision granting Wells Fargo's motion for summary judgment. On October 3, 2019, the trial court denied Express' motion to intervene on the ground that it lacked a proposed pleading.

{¶ 8} On October 14, 2019, Express filed its second motion to intervene and attached a proposed pleading. The proposed pleading was captioned "Counterclaim." It alleged that Express had entered into the contract with Coil to purchase the subject property, that "completion of the contract" would make Wells Fargo whole, and that the foreclosure of the mortgage would "prejudicially interfere" with its contractual rights. The pleading requested the trial court to take Express' "interest in the subject real estate into account when making any rulings in this case."

{¶ 9} On June 30, 2020, the trial court issued its final judgment and decree of foreclosure from which Coil and Express now appeal. The judgment did not specifically reference Express' second motion to intervene; it stated that the matter was before the court on "all pleadings and motions."

{¶ 10} Coil and Express now present the following three assignments of error for our review:

I. Express' motions to intervene showed that Express met all the criteria established by Rule 24(A)(2), Ohio Rules of Civil Procedure and should have been granted by the trial court.

II. The trial court erred in denying Express' first motion to intervene for procedural reasons.

III. The trial court abused its discretion.

## Law and Analysis

{¶ 11} All three assignments of error are interrelated; for ease of discussion, they will be considered out of order.

{¶ 12} An appellate court reviews a trial court's decision on a motion to intervene for an abuse of discretion. *State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501, 503, 696 N.E.2d 1058 (1998). "An abuse of discretion is more than an error of law or of judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 13} Express' motions to intervene were made under Civ.R. 24(A)(2), which provides for intervention of right in civil cases. The rule provides as follows:

> Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Civ.R. 24(A)(2).

{¶ 14} Civ.R. 24(C) mandates that a motion to intervene "shall be accompanied by a pleading, as defined in Civ.R. 7(A) setting forth the claim or defense for which intervention is sought."

{¶ 15} In their second assignment of error, Express and Coil contend that failure to attach a pleading to a motion to intervene is not fatal, citing this court's decision in *Crittenden Court Apt. Assn. v. Jacobson/Reliance*, 8th Dist. Cuyahoga Nos. 85395 and 85452, 2005-Ohio-1993.

{¶ 16} It is true that in *Crittenden* this court found the proposed intervenor's failure to attach a pleading to their motion to not be fatal. *Id.* at ¶ 14. However, the *Crittenden* court noted the trial court did not base its denial of the proposed intervenor's motion on the lack of an attached complaint. *Id.* In this case, however, with respect to Express' first motion to intervene, the trial court specifically denied it for lack of pleading.

{¶ 17} The Ohio Supreme Court has repeatedly held that a motion to intervene is properly denied when the "motion is not accompanied by a pleading setting forth the claim or defense for which intervention is sought" as mandated by Civ.R. 24(C). *State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.*, 121 Ohio St.3d 507, 2009-Ohio-1523, 905 N.E.2d 1192, ¶ 21; *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections*, 74 Ohio St.3d 143, 144, 656 N.E.2d 1277 (1995). Thus, we do not find that the trial court abused its discretion in denying Express' first motion to intervene on this ground.

{¶ 18} The second assignment of error is overruled.

{¶ 19} In their first and third assignments of error, respectively, Coil and Express contend that the trial court abused its discretion in denying Express' second motion to intervene because it met all the requirements for intervention under Civ.R. 24(A)(2), and by failing to set forth its reasons for the denial.

{¶ 20} Pursuant to Civ.R. 24(A)(2), a party can intervene as a matter of right (1) upon timely application, (2) if the applicant claims an interest relating to the property or transaction that is the subject of the action, (3) the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, and (4) the applicant's interest is not adequately represented by existing parties. The Ohio Supreme Court has stated that the interest must be one that is legally protectable. *State ex rel. Merrill v. ODNR*, 130 Ohio St.3d 30, 2011-Ohio-4612, 955 N.E.2d 935, ¶ 42. "Failure to meet any one of the elements in Civ.R. 24(A) will result in denial of the right to intervene." *Fairview Gen. Hosp. v. Fletcher*, 69 Ohio App.3d 827, 831, 591 N.E.2d 1312 (10th Dist.1990). Civ.R. 24(A) is to be liberally construed in favor of intervention, but the proposed intervenor still bears the burden of establishing each of the elements to intervene. *Grover Court Condominium Unit Owners' Assn. v. Hartman*, 8th Dist. Cuyahoga No. 94910, 2011-Ohio-218, ¶ 14.

{¶ 21} Express failed to meet all the requirements to intervene as a matter of right. Initially we note that, in foreclosure actions, interests from unrecorded documents do not qualify as protected interests. *See Deutsche Bank Natl. Trust Co. v. Hill*, 5th Dist. Perry No. 14 CA 00021, 2015-Ohio-1575, ¶ 27 ("the land contract

through which Appellants claim an interest in the property was never recorded, which makes it invalid as to all except the parties to the contract"); *see also Emrick v. Multicon Builders, Inc.*, 57 Ohio St.3d 107, 109, 566 N.E.2d 1189 (1991). There is no indication here that Express recorded its agreement with Coil; therefore, the contract did not qualify as a legally protectable interest in this foreclosure action. In addition to being unrecorded, the contract between Express and Coil did not bind Express; that is, "buyer" was defined as Express or "its assignee."

{¶ 22} Further, an interest that would be barred by lis pendens is also insufficient to create a legally protectable interest. *See Fantozz v. Cordle*, 6th Dist. Erie No. E-14-130, 2015-Ohio-4057, ¶ 27. The doctrine of lis pendens "rests * * * upon the ground that the law will not allow parties litigant to give to others pending a suit rights to property in dispute so as to prejudice the opposite party, and defeat the execution of the decree which may finally be entered." *Eggleston v. Harrison*, 61 Ohio St. 397, 410, 55 N.E. 993 (1900). The doctrine acts as constructive notice to all who would receive an interest in property that is the subject of ongoing action, that their interest will be impacted by the outcome of the action.

{¶ 23} R.C. 2703.26 provides, "[w]hen a complaint is filed, the action is pending so as to charge * * * third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title." Here, the contract between Express and Coil was entered into after this foreclosure action was already commenced; thus, any interest Express had in the property was subject to the doctrine of lis pendens.

{¶ 24} Intervention was not the only way Express could have protected its interest. It could have simply performed under the contract — which, had it done, would have protected its interest and ended the litigation. It did not do so however; it did not even demonstrate that it had the financial ability to do so.

{¶ 25} Express also did not demonstrate that an existing party was unable to protect its interests. The opposite is true. In a foreclosure action, if the proposed intervenor buyer claims an interest in the subject property by virtue of having a purchase contract with the defendant homeowner, the defendant homeowner is deemed sufficiently aligned with the proposed intervenor buyer to protect its interest. *See PNC Bank, N.A. v. Sedivy*, 11th Dist. Lake Nos. 2004-L-102, 2005-L-033 and 2005-L-081, 2006-Ohio-6694, ¶ 40. Thus, Express' interest was protected by Coil, who had as much incentive as Express (if not more, given that Express was to pay the bank payoff and pay her an additional $25,000) for their purchase agreement to be consummated.

{¶ 26} As to timeliness, it is debatable whether Express' second motion — filed over seven months after its contract with Coil, despite its representative's averment that "[w]ithin the past two months I have been made aware that the real property Express has contracted to purchase is moving toward a final decree of foreclosure" — was timely. But as previously mentioned, "[f]ailure to meet any one of the elements in Civ.R. 24(A) will result in denial of the right to intervene." *Fairview Gen. Hosp.*, 69 Ohio App.3d 827 at 831, 591 N.E.2d 1312. As set forth

above, Express failed to meet the other requirements of Civ.R. 24 and therefore the trial court did not abuse its discretion by denying its motion.

{¶ 27} The first assignment of error is overruled.

{¶ 28} Finally, Express and Coil request that we remand this matter to the trial court so that it can provide reasons for its decision to deny its second motion to intervene. We note that the Fourth District Court of Appeals did just that in *In re Estate of McMullen*, 4th Dist. Lawrence No. 00CA27, 2001-Ohio-2534, 2001 Ohio App. LEXIS 3449 (Aug. 2, 2001). The Fourth District found the following:

> The trial court in this case dismissed appellant's motion to intervene in a two-sentence entry. The trial court did not include any rationale or discussion of the elements that must be established for intervention under Civ.R. 24(A)(2). As a general rule, Ohio appellate courts will assume the trial court considered relevant factors, unless findings are specifically mandated by the rule or statute at issue. We concede that the rule itself does not contain a mandate to make specific findings when deciding a motion to intervene. However, in light of the fact that the trial court is not given unfettered discretion to deny intervention as of right pursuant to Civ.R. 24(A)(2), we believe that the trial court should have stated its rationale for denying [appellant]'s intervention. Without some indication of what factors the trial court considered and the rationale for its decision, we are left to speculate why the court reached this decision. We believe that given the limited discretion to deny a motion to intervene as of right, the trial court should provide some indication that it adequately considered [appellant]'s intervention motion, not just summarily dismissed it. In other words, without some analysis from the trial court, we are unable to provide effective appellate review.
>
> Therefore, we reverse and remand with instructions to the trial court to prepare a revised entry that will allow effective appellate review of its decision in light of the requirements of Civ.R. 24(A).

(Citations omitted.) *Id.* at 5-6.

{¶ 29} This court has, however, declined to adopt the Fourth Appellate District's reasoning, noting that "Civ.R. 24 does not require the trial court to make findings of fact or conclusions of law. In the absence of such language, we presume the trial court issued its judgment upon thorough consideration of Civ.R. 24 and the relevant facts supporting the appellants' motions to intervene." *Rimmer v. Citifinancial, Inc.*, 2018-Ohio-2845, 117 N.E.3d 862, ¶ 18 (8th Dist.), citing *Likover v. Cleveland*, 60 Ohio App.2d 154, 396 N.E.2d 491 (8th Dist.1978).

{¶ 30} In light of the above, we decline to remand for further proceedings. The third assignment of error is overruled.

{¶ 31} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
LISA B. FORBES, J., CONCUR