[Cite as *Wells Fargo Bank, N.A. v. Coil*, 2024-Ohio-4908.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

WELLS FARGO BANK, N.A.,               :

    Plaintiff-Appellee,               :

                                  No. 113633

    v.                               :

SANDRA ALLEN COIL, ET AL.,            :

    Defendants-Appellees.            :

[Appeal by Rashid Mohammad,
Proposed Intervenor-Appellant]        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 10, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-911036

---

### *Appearances:*

REED SMITH, LLP, and Dean E. Collins, *for appellee*
Wells Fargo Bank, N.A.

Rashid Mohammad, *pro se.*

MICHAEL JOHN RYAN, J.:

{¶ 1} In this appeal, Rashid Mohammad ("Mohammad"), pro se, appeals

from the trial court's February 8, 2024 judgment denying his motion to intervene in

this foreclosure action and stay the sale. After a thorough review of the facts and pertinent law, we affirm.

**Factual and Procedural History**

{¶ 2} In February 2019, plaintiff-appellee, Wells Fargo Bank, N.A. ("Wells Fargo"), initiated this foreclosure action against defendants-appellees, Sandra Coil ("Coil") and her unknown spouse. The bank sought to foreclose on property located on Craig Drive in Strongsville, Ohio. The trial court entered a judgment and decree of foreclosure in June 2020. Mohammad, pro se, filed his motion to intervene on January 23, 2024, days ahead of the January 29, 2024 sheriff's sale, at which the subject property was sold to a third-party purchaser.

{¶ 3} As ground for his motion, Mohammad maintained that he had "a valid and binding contract to purchase the property being foreclosed in this lawsuit." He attached to his motion a purported contract, executed on March 16, 2019, under which he or his "assignee" was the buyer and Coil was the seller of the subject property.[1]

---

[1] In August 2019, another party, Express PVT Management, also attempted to intervene in this action. It was represented in that motion that Mohammad was a member of Express and that Express had entered into a contract with Coil to purchase the subject property. The date of that contract was also March 16, 2019, and with the exception of the change in the buyer's name, it is the same contract that is at issue in this appeal. The trial court denied Express' motion to intervene and Express appealed. This court affirmed the trial court's decision, finding in part that Express did not have a protected interest in its unrecorded document and that an interest that would be barred by the doctrine of lis pendens was insufficient to create a legally protectable interest. *Wells Fargo Bank, N.A. v. Coil*, 2021-Ohio-1814, ¶ 21-22 (8th Dist.) *("Coil I")*.

{¶ 4} In its February 8, 2024 judgment, the trial court denied Mohammad's motion to intervene and stay the sale on the ground that he did not have a recorded interest in the subject property. Mohammad appeals, raising three assignments of error for our review:

I. Rashid's Motions to intervene showed that Rashid met all criteria established by Rule 24(A)(2), Ohio Rules of Civil Procedure and should have been granted by the trial court.

II. The trial court erred in denying Rashid's motion to intervene ruling on 2/8/2024 that Rashid does not have any recorded interest in the subject property without a hearing or facts finding.

III. The trial court abused its discretion.

{¶ 5} The three assignments of error are interrelated and will be addressed together. An appellate court reviews a trial court's decision on a motion to intervene for an abuse of discretion. *Coil I* at ¶ 12, citing *State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501 (1998). An abuse of discretion occurs if the court's attitude in reaching its decision was arbitrary, unreasonable, or unconscionable. *Coil I* at *id.*, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). An abuse of discretion also occurs if a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 6} As was the case in *Coil I* with Express, Mohammad attempted to intervene as of right. Intervention of right in civil cases is governed by Civ.R. 24(A)(2), which provides in relevant part as follows:

> Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Civ.R. 24(A)(2).

{¶ 7} Thus, a party can intervene as a matter of right (1) upon timely application, (2) if the applicant claims an interest relating to the property or transaction that is the subject of the action, (3) the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, and (4) the applicant's interest is not adequately represented by existing parties. *Coil I* at ¶ 20, citing Civ.R. 24(A)(2). The Ohio Supreme Court has stated that the interest must be one that is legally protectable. *Coil I* at *id.*, citing *State ex rel. Merrill v. ODNR*, 2011-Ohio-4612, ¶ 42.

{¶ 8} The rule further requires that a motion to intervene "shall be accompanied by a pleading, as defined in Civ.R. 7(A) setting forth the claim or defense for which intervention is sought." Civ.R. 24(C). In compliance with the rule, Mohammad attached a proposed counterclaim to his motion to intervene. In the proposed counterclaim, citing to the March 16, 2019 purported contract between him and Coil, Mohammad alleged that foreclosing on the property would prejudicially interfere with his contractual rights and may not be to the financial benefit of Wells Fargo; Mohammad alleged that allowing him to fulfill his contract with Coil would result in the bank being made whole.

{¶ 9} "'Failure to meet any one of the elements in Civ.R. 24(A) will result in denial of the right to intervene.'" *Coil I* at *id.*, quoting *Fairview Gen. Hosp. v. Fletcher*, 69 Ohio App.3d 827, 831 (10th Dist. 1990). Although Civ.R. 24(A) is to be liberally construed in favor of intervention, the proposed intervenor still bears the burden of establishing each of the elements to intervene. *Coil I* at *id.*, citing *Grover Court Condominium Unit Owners' Assn. v. Hartman*, 2011-Ohio-218, ¶ 14 (8th Dist.). For the reasons discussed below, the trial court did not abuse its discretion by denying Mohammad's motion to intervene.

{¶ 10} First, the motion was untimely. Mohammad filed his motion — based on a purported 2019 contract — over three and one-half years after the trial court issued its foreclosure judgment and days before the foreclosure sale. "'Intervention after final judgment has been entered is unusual and ordinarily will not be granted.'" *Grover Court Condominium Unit Owners' Assn.* at ¶ 22, quoting *State ex rel. First New Shiloh Baptist Church*, 82 Ohio St.3d at 504.

{¶ 11} Second, the trial court's basis for the denial of intervention — that Mohammad does not have a recorded interest in the subject property — was a proper basis. This court addressed this issue in *Coil I* as follows:

> Initially we note that, in foreclosure actions, interests from unrecorded documents do not qualify as protected interests. *See Deutsche Bank Natl. Trust Co. v. Hill*, 5th Dist. Perry No. 14 CA 00021, 2015-Ohio-1575, ¶ 27 ("the land contract through which Appellants claim an interest in the property was never recorded, which makes it invalid as to all except the parties to the contract"); *see also Emrick v. Multicon Builders, Inc.*, 57 Ohio St.3d 107, 109, 566 N.E.2d 1189 (1991). There is no indication here that Express recorded its agreement with Coil; therefore, the contract did not qualify as a legally protectable interest

in this foreclosure action. In addition to being unrecorded, the contract between Express and Coil did not bind Express; that is, "buyer" was defined as Express or "its assignee."

*Coil I* at ¶ 21.

{¶ 12} As with the purported contract in *Coil I*, there is no indication that Mohammad recorded the subject agreement with Coil; therefore, the contract did not qualify as a legally protectable interest in this action. Further, the subject contract did not bind Mohammad, in that the buyer was defined as Mohammad or his "assignee." *See Coil I* at *id.* ("In addition to being unrecorded, the contract between Express and Coil did not bind Express; that is, "'buyer'" was defined as Express or "'its assignee.'").

{¶ 13} The third reason the trial court did not abuse its discretion in denying Mohammad's motion to intervene — the doctrine of lis pendens — was also discussed in *Coil I* as follows:

> Further, an interest that would be barred by lis pendens is also insufficient to create a legally protectable interest. *See Fantozz v. Cordle*, 6th Dist. Erie No. E-14-130, 2015-Ohio-4057, ¶ 27. The doctrine of lis pendens "rests * * * upon the ground that the law will not allow parties litigant to give to others pending a suit rights to property in dispute so as to prejudice the opposite party, and defeat the execution of the decree which may finally be entered." *Eggleston v. Harrison*, 61 Ohio St. 397, 410, 55 N.E. 993 (1900). The doctrine acts as constructive notice to all who would receive an interest in property that is the subject of ongoing action, that their interest will be impacted by the outcome of the action.

*Coil I* at ¶ 22.

{¶ 14} As explained in *Coil I*, under R.C. 2703.26, "[w]hen a complaint is filed, the action is pending so as to charge . . . third persons with notice of its

pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title." *See Coil I* at ¶ 23. This action was filed in February 2019, prior to the purported March 2019 contract at issue here. Thus, any interest Mohammad had in the property was subject to the doctrine of lis pendens.

{¶ 15} As to whether an existing party was able to protect Mohammad's interest, the same finding this court made in that regard to Express applies to Mohammad. That finding was as follows:

> Intervention was not the only way Express could have protected its interest. It could have simply performed under the contract — which, had it done, would have protected its interest and ended the litigation. It did not do so however; it did not even demonstrate that it had the financial ability to do so.
>
> Express also did not demonstrate that an existing party was unable to protect its interests. The opposite is true. In a foreclosure action, if the proposed intervenor buyer claims an interest in the subject property by virtue of having a purchase contract with the defendant homeowner, the defendant homeowner is deemed sufficiently aligned with the proposed intervenor buyer to protect its interest. *See PNC Bank, N.A. v. Sedivy*, 11th Dist. Lake Nos. 2004-L-102, 2005-L-033 and 2005-L-081, 2006-Ohio-6694, ¶ 40. Thus, Express' interest was protected by Coil, who had as much incentive as Express (if not more, given that Express was to pay the bank payoff and pay her an additional $25,000) for their purchase agreement to be consummated.

*Coil I* at ¶ 25-26.

{¶ 16} Finally, there is no requirement that a trial court automatically hold a hearing over a motion to intervene, *Treasurer of Cuyahoga Cty. v. Unknown Heirs*, 2022-Ohio-309, ¶ 16 (8th Dist.), or that it issue findings of fact and conclusions of law. *Coil I* at ¶ 29.

**{¶ 17}** On this record, for most of the reasons already expressed in *Coil I*, the trial court did not abuse its discretion by denying Mohammad's motion to intervene and his three assignments of error are overruled.

**{¶ 18}** Judgment affirmed.

It is ordered that appellee recover from intervenor-appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MICHAEL JOHN RYAN, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
ANITA LASTER MAYS, J., CONCUR