[Cite as *Canton Asphalt Co. v. Fosnaught*, 2011-Ohio-5902.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| CANTON ASPHALT CO., | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Appellee/Cross-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | |
| v. | : | |
| | : | Case Nos.   2011-CA-00077 |
| DANIEL J. FOSNAUGHT, | | 2011-CA-00085 |
| | : | |
| Appellant/Cross-Appellee. | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeals from the Stark County Court
of Common Pleas, Case No. 2009CV00644

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     November 14, 2011

APPEARANCES:

For Plaintiff-Appellee

JOHN J. RAMBACHER
MICHAEL J. KAHLENBERG
WINKHART & RAMBACHER
825 South Main St.
North Canton, OH 44720

For Defendant-Appellant

LEE E. PLAKAS
AMANDA M. PAAR
TZANGAS, PLAKAS, MANNOS & RAIES
220 Market Avenue South, 8th Fl.
Canton, OH 44702

*Gwin, P.J.*

{¶ 1}  Defendant-appellant Daniel J. Fosnaught appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which overruled the parties' objections and adopted and approved the decision of the magistrate to whom the matter was referred. The court found Fosnaught had not met his burden of proving he had a prescriptive easement or an easement by necessity over property owned by Plaintiff-appellee Canton Asphalt Company.  The court found an agreement between the parties which gave Fosnaught a permissive license over Canton Asphalt's property was enforceable. Fosnaught assigns three errors to the trial court:

{¶ 2}  "I. THE TRIAL COURT ERRED IN FAILING TO FIND THAT FOSNAUGHT HAS A PRESCRIPTIVE EASEMENT OVER THE DRIVEWAY.

{¶ 3}  "II. THE TRIAL COURT ERRED IN FAILING TO FIND THAT FOSNAUGHT HAS AN EASEMENT BY NECESSITY OVER THE DRIVEWAY.

{¶ 4}  "III. THE TRIAL COURT ERRED IN FINDING THE AGREEMENT BETWEEN CANTON ASPHALT AND FOSNAUGHT ENFORCEABLE WHEN IT IS VOIDABLE BASED UPON MUTUAL MISTAKE OF FACT."

{¶ 5}  The trial court also found Canton Asphalt's claim to quiet title is a collateral attack on a prior judgment, and found Canton Asphalt was not entitled to recover its legal fees and court costs.  From this portion of the decision Canton Asphalt assigns two errors:

{¶ 6}  Cross assignments of error:

{¶ 7}  "I. THE TRIAL ERRED IN DENYING CANTON ASPHALT'S MOTION FOR RECOVERY OF LEGAL FEES/COURT COSTS BECAUSE CANTON ASPHALT

WAS THE ONLY PREVAILING PARTY IN THE LITIGATION ENSUING FROM THE AGREEMENT BETWEEN CANTON ASPHALT AND FOSNAUGHT.

{¶ 8} "II. THE TRIAL COURT ERRED IN DISMISSING CANTON ASPHALT'S QUIET TITLE/ADVERSE POSSESSION CLAIM WITHOUT VISITING THE SUBSTANTIVE MERITS TEHREOF AND IN RULING THAT IT CONSTITUTED A COLLATERAL ATTACK UPON A JUDGMENT."

{¶ 9} The two appeals have been consolidated.

{¶ 10} The magistrate made extensive findings of fact. She found Fosnaught is the owner of 12.5 acres of land situated in the Southeast Quarter of Section 13, Jackson Township, Stark County, Ohio. The property has been in the Fosnaught family since July 7, 1960. Fosnaught also has become the owner of 0.023 acres of land, more or less, situated in the Southeast Quarter of Section 13, Jackson Township, Stark County, Ohio by virtue of a judgment entry recorded in a prior case. This smaller parcel is a narrow strip that extends from Whipple Avenue to the Fosnaught property.

{¶ 11} A driveway consisting of 0.06 acres extends from Whipple Avenue to the larger parcel of Fosnaught's property. The driveway includes Fosnaught's 0.023 acres and an additional 0.037 acres, of which Canton Asphalt is the record owner. Canton Asphalt's property is also a long narrow strip that lies side by side with Fosnaught's property. Thus the source of the problem is that the driveway Fosnaught uses for access to Whipple Avenue is wider than Fosnaught's parcel, and overlaps onto Canton Asphalt's 0.037 acres. In this action, Fosnaught claims ownership of the property of which Canton Asphalt is the record owner, while Canton Asphalt claims ownership of the other side of the driveway of which Fosnaught is the record owner.

{¶ 12} The magistrate found since acquiring the property in 1960, the Fosnaught family, their invitees, and others have used the driveway continuously for ingress and egress to the Fosnaught property. They have used it for cars, pickup trucks, semi-trucks and large trailers.

{¶ 13} The Fosnaughts have used the property to store U-Haul trucks, scrap metal, and cars waiting to be crushed. The Fosnaughts leased a portion of the property to a car dealership to store new cars, and the lessee used the driveway to transport the cars on and off the Fosnaught property. The Fosnaughts have also used the property to raise cows, a bull, a pony, a horse, chickens, turkeys and goats, and have planted corn there. At the time the matter was heard, Fosnaught used the property to store approximately 600 salvage vehicles, using the driveway to transport these vehicles on and off his property. Fosnaught also presently has goats there, and uses the driveway for access to care for the goats.

{¶ 14} The parties were involved in a prior lawsuit over this property in 2006. While the matter was pending, in March and April of 2007, they entered into an interim agreement giving Fosnaught a license to use the entire driveway to access Whipple Avenue. At the time the parties entered into an agreement, they both believed Canton Asphalt held title to the entire driveway. Subsequently, the parties learned a portion of the driveway belonged to a third party. Fosnaught sued the third party, asserting adverse possession, and took a default judgment. Canton Asphalt attempted to intervene in the case after the judgment, but the court overruled its motion to intervene. Canton Asphalt did not appeal that decision.

{¶ 15} In the case at bar, Canton Asphalt claimed adverse possession of the property Fosnaught had acquired from the third party, and argued the court should find it was the owner of the entire driveway. The court found this was a collateral attack on the prior judgment, and rejected it.

{¶ 16} In an easement action, the party claiming the easement bears the burden of proving the existence of the easement by clear and convincing evidence. *Fitzpatrick v. Palmer,* 186 Ohio App. 3d 80, 2009-Ohio-6008, 926 N.E. 2d 651 at paragraph 22. Clear and convincing evidence is evidence which produces in the mind of the fact finder a firm belief or conviction as to the facts sought to be established. Id., citation deleted.

{¶ 17} Although the standard of clear and convincing evidence is higher than the preponderance of the evidence standard generally used in civil cases, our standard of review for weight of the evidence issues is still to determine whether their exists competent and credible evidence supporting the court's decision. Id., citing *State v. Schiebel* (1990), 55 Ohio St. 3d 71, 564 N.E. 2d 54. Insofar as the matter involves factual issues, we must defer to the trial court's factual findings if there is competent and credible evidence supporting the trial court's decision. The Supreme Court has instructed us that when reviewing weight of the evidence challenges we must defer to the trial court. *C.E. Morris Company v. Foley Construction Company* (1978), 54 Ohio St. 2d 279, 376 N.E. 2d 578.

{¶ 18} However, we review the court's determination of legal issues de novo. *Murray v. Lyon* (1994), 95 Ohio App. 3d 215, 642 N.E. 2d 41.

{¶ 19} We will address Fosnaught's assignments of error first.

I.

{¶ 20} In his first assignment of error, Fosnaught argues the trial court erred in failing to find he has a prescriptive easement over the portion of the driveway Canton Asphalt owns. The magistrate properly stated the party claiming a prescriptive easement has the burden of proving a use of the property that is (1) open; (2) notorious; (3) adverse to the other party's property rights; (4) continuous; and (5) at least 21 years in duration. Decision of the magistrate, at p. 11 citing *J.F. Gioia, Inc. v. Cardinal AM Corporation* (1985), 23 Ohio App. 3d 33. The magistrate noted prescriptive easements are not favored in law because they deprive the legal property owner of rights without compensation. Id., citation deleted. The claimant has the burden of setting out a prima facie case, and then the burden shifts to the owner of the servient property to show that the use was permissive rather than adverse.

{¶ 21} The magistrate found Fosnaught proved his use of the driveway was open and notorious, but found the use was not continuous and had not existed for the required 21 years. The magistrate found Fosnaught's use was uninterrupted, but prior to 1994, the driveway was a straight west to east driveway to Whipple Avenue. In 1994, a DIY store was constructed on the east side of Whipple and a traffic light and curb cut was constructed on Canton Asphalt's property. A traffic light metal pole was placed on the southwest corner of the subject driveway, requiring vehicles to exit at a place further north. In addition, at one point, Canton Asphalt also had a "tarp rack" located in the area of the driveway, which necessitated another redirection of the driveway. The magistrate found further, after Canton Asphalt Company deconstructed its plant and

operations in 2005, Fosnaught's use of the driveway changed a third time, and Fosnaught began to exit the driveway at a point further north.

{¶ 22} A substantial change in the mode of use of a driveway interrupts the element of continuous use. *Keish v. Russell* (February 17, 1995), Athens App. No. 94CA1618 at 2, citing to Ohio Jurisprudence 3d (1977), 524, Adverse Possession, Section 25; and *Railway Company v. Roseville* (1907), 76 Ohio St. 106, 118.

{¶ 23} We agree with the court Fosnaught's use of the driveway was uninterrupted but changed over time and thus not continuous.

{¶ 24} The magistrate also found Fosnaught had not demonstrated his use of the driveway was adverse to Canton Asphalt's property rights, because Fosnaught's use was permissive, not adverse. The magistrate found Canton Asphalt's president and vice-president asserted Canton Asphalt tolerated and acquiesced to Fosnaught's use of the driveway. The magistrate concluded Fosnaught had not demonstrated he had a prescriptive easement.

{¶ 25} Fosnaught also argues his use of the driveway is adverse to the interest of Canton Asphalt. He asserts the record indicates he never asked Canton Asphalt for permission to use the driveway, and Canton Asphalt never told him he could use it. He argues the two parties did not interact with each other and did not have a friendly or neighborly relationship.

{¶ 26} We find there is competent and credible evidence supporting the court's determination that Canton Asphalt was aware of Fosnaught's use of its property and acquiesced in it.

{¶ 27} We conclude the trial court did not err in adopting the magistrate's decision that Fosnaught had not demonstrated he had a prescriptive easement over the driveway. The first assignment of error is overruled.

II.

{¶ 28} In his second assignment of error, Fosnaught argues the court erred in failing to find he had an easement by necessity over the driveway.

{¶ 29} The magistrate found an easement of necessity is an implied easement, which is not favored in law because it is in derogation of the rule the written instruments speak for themselves. Decision of the magistrate, page 16, citation deleted. In order to establish an easement of necessity, a claimant must prove: (1) the two properties were once one parcel but are now severed; (2) before the separation the use that gives rise to the claimed easement was long and obvious, which shows that the easement was meant to be permanent; (3) the easement is reasonably necessary to the beneficial enjoyment of the land granted or retained; and (4) the servitude is continuous as opposed to temporary or occasional.

{¶ 30} Fosnaught argues prior to 1958, the Fosnaught property and the Canton Asphalt property were one parcel on the same deed. Fosnaught alleges prior to the severance of the two properties, his predecessors in interest had used this driveway at least back to 1947. He further argues the driveway is necessary for purposes of ingress and egress to the Fosnaught property. Fosnaught concedes there is an alternate access, but presented evidence using the alternate access is not economically feasible and likely would invite future claims or issues.

**{¶ 31}** The magistrate found the two properties were never unified in fee simple because railroad tracks split the two properties at all relevant times. The magistrate found even if Fosnaught could satisfy the first and second elements, supra, nevertheless he cannot demonstrate the easement is strictly necessary for the use and enjoyment of his property. The property is not landlocked. The magistrate found an easement may not be implied where there is an alternative outlet to a public way, even if it is less convenient or more expensive. Decision of the magistrate, at page 18, citing *Tiller v. Hinton* (1985), 19 Ohio St. 3d 66, 69, 482 N.E. 2d 946 and *Cadwallader v. Scovanner,* 178 Ohio App. 3d 26, 2008-Ohio-4166, 896 N.E. 2d 748.

**{¶ 32}** We agree with the trial court Fosnaught did not establish by clear and convincing evidence he had an easement by necessity over Canton Asphalt's property. The second assignment of error is overruled.

III.

**{¶ 33}** In his third assignment of error, appellant argues the trial court erred in finding the agreement between the parties was enforceable, because it is voidable based upon a mutual mistake of fact. The mutual mistake of fact is that the parties both believed Canton Asphalt owned the entire driveway, when in fact, a strip of it belonged to a third party.

**{¶ 34}** The magistrate found this mistake was not material to the agreement. In order for a mutual mistake to form the basis for cancellation or rescission of a contract, the mistake must be material to the contract, must affect its substance, and must affect both parties. A mistake is material for purposes of rescission of a contract if it frustrates the intent of the parties. *Rylee Ltd. v. Izzard Family Partnership,* 178 Ohio App. 3d 172,

2008-Ohio-4506, 897 N.E. 2d 208.  The magistrate found the mistake here is not material because it did not frustrate the intent of the parties, which was to grant Fosnaught a license over property owned by Canton Asphalt.  We agree.

{¶ 35} The third assignment of error is overruled.

{¶ 36} We will next address Canton Asphalt's assignments of error.

I.

{¶ 37} In its first assignment of error, Canton Asphalt argues the trial court erred in denying its motion for recovery of legal fees and court costs because it was the prevailing party in the litigation over the contract.

{¶ 38} While Canton Asphalt prevailed on the question of the contract, it was unsuccessful in its claim to quiet title/adverse possession of the property formerly owned by the third party and granted to Fosnaught in his adverse possession action. We conclude Canton Asphalt did not entirely prevail in the case. *The Strip Delaware LLC v. Landry's Restaurants, Inc.,* 191 Ohio App. 3d 822, 2010-Ohio-6403, 947 N.E. 2d 2d 1233, at paragraphs 37-39, citations deleted.

{¶ 39} The first assignment of error is overruled.

II.

{¶ 40} In its second assignment of error, Canton Asphalt argues the trial court erred in dismissing its quiet title/adverse possession claim without reviewing the merits, and erred in ruling it constituted a collateral attack upon the prior judgment.

{¶ 41} The magistrate found Canton Asphalt's claims, if granted, would nullify the prior judgment which found Fosnaught had acquired the property by adverse

possession.  Canton Asphalt attempted to intervene in the prior case, but did not appeal the court's refusal to permit it to join in the case.

**{¶ 42}** We agree with the trial court a review of the ownership of the property formerly owned by the third party, would re-open the prior case, and  this constitutes a collateral attack on the prior judgment.

**{¶ 43}** The second assignment of error is overruled.

**{¶ 44}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

By: Gwin, P.J.,

Farmer and Delaney, JJ., concur.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY

[Cite as *Canton Asphalt Co. v. Fosnaught*, 2011-Ohio-5902.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CANTON ASPHALT CO., | : | |
| | : | |
| Appellee/Cross-Appellant, | : | |
| | : | |
| | : | |
| v. | : | JUDGMENT ENTRY |
| | : | |
| DANIEL J. FOSNAUGHT, | : | |
| | : | |
| | : | |
| Appellant/Cross-Appelle. | : | CASE NO. 2011-CA-00077 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to be split between the parties.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

CANTON ASPHALT CO.,                    :
                                       :
    Appellee/Cross-Appellant,          :
                                       :
                                       :
v.                                     :          JUDGMENT ENTRY
                                       :
DANIEL J. FOSNAUGHT,                   :
                                       :
                                       :
    Appellant/Cross-Appellee.          :          CASE NO. 2011-CA-00085


       For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.  Costs to be split between the parties.


                                 _____
                                 HON. W. SCOTT GWIN

                                 _____
                                 HON. SHEILA G. FARMER

                                 _____
                                 HON. PATRICIA A. DELANEY